UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                      )
                                           ) Case No. _____
                                           )
                                           ) RULE 2014 VERIFIED STATEMENT
                                           ) FOR PROPOSED PROFESSIONAL
Debtor(s)                                  )

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)    Page 3 of 3

Case 17-34395-pcm11    Doc 41    Filed 01/16/18

# BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
(Chapter 11)

**CLIENT:** Mark Delong

**ATTORNEY:** Nicholas J. Henderson

**FIRM:** Motschenbacher & Blattner, LLP ("Firm")

**DATED:** November 15, 2017

Client desires to retain Attorney for, but not limited to, the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services, including (a) giving the Client legal advice with respect to its business operations; (b) assisting the Client in any proposed reorganization of its business; (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; and (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| NAME | RATE |
|---|---|
| Nicholas J. Henderson | $375.00/hr |
| Alexander C. Trauman | $375.00/hr |
| Troy G. Sexton | $325.00/hr |
| Jeremy Tolchin | $325.00/hr |
| Bankruptcy Assistants | $180.00/hr |
| Legal Assistants | $100.00-150.00/hr |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum 0.10 hour increments. Client will be provided with itemized monthly statements for services rendered and expenses incurred, which will be mailed on approximately the 10th of each calendar month.

{00024534:1}

Case 17-34395-pcm11    Doc 41    Filed 01/16/18

**Fees**.   Attorney and Client agree that the actual fees to be incurred in the case are difficult to predict, because of a variety of factors, many of which are not within the control of Attorney or Client.  Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees for reasonableness.  The Bankruptcy Court may reduce the amount of the fees billed in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fees based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded.  If the Bankruptcy Court requires a reduction in the amount of any fees charged, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.  The retainer amount shall be **$25,000**, which includes the amount of the filing fee for Chapter 11.  As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client.  Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc.  The Attorney's "Expense Policy Statement" is attached as Exhibit "A."  A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors.  A copy of the US Trustee's fee schedule is attached.  Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney.

All professionals must also be approved by the Bankruptcy Court before starting work, or the Court will deny payment to the professional.  Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month.  The form of such report will be separately provided to the Client.  The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 14th day of the calendar month.  Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer.  If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

{00024534:1}

Case 17-34395-pcm11    Doc 41    Filed 01/16/18

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign. If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income.

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: _11-28-17_

ATTORNEY:

MOTSCHENBACHER & BLATTNER, LLP

By: _____
Nicholas J. Henderson

CLIENT:

By: _____
Mark Delong

Attachments:

    A. Expense Policy Statement (Exhibit A)

    B. U.S. Trustee Quarterly Fee Schedule (Page 6 of the Chapter 11 Guidelines)

Initial If Rec'd:

_____

_____

{00024534;1}

EXHIBIT "A"
Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | $0.10 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (i.e., invoiced) cost. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions. |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost ($0.10 per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

{00024534:1}



ATTORNEYS SERVING PRIVATELY HELD BUSINESSES AND THEIR OWNERS

# MOTSCHENBACHER & BLATTNER LLP

117 SW TAYLOR STREET, SUITE 300, PORTLAND, OR 97204-3029   PHONE 503-417-0500   FAX 503-417-0501

Nicholas J. Henderson
Admitted in Oregon and Washington
Direct: 503-417-0508
nhenderson@portlaw.com
www.portlaw.com

November 28, 2017

VIA EMAIL ONLY

Mark Delong
c/o Pattie Baker: pbakervale@fmtc.com
2090 7th Ave. W.
Vale, OR 97918

  Re: New Client Information

Dear Mark:

  It was a pleasure meeting with you and Pattie, and thank you choosing me to represent you in connection with your Chapter 11 Bankruptcy. I appreciate this opportunity to serve your legal needs, and I look forward to working with you during the course of this representation.

  This letter, the attached Bankruptcy Attorney-Client Fee Agreement, and the enclosed "Information for Clients" explain our fee structure, policies, and office procedures. By retaining this office, you agree to be bound by the terms set forth on this enclosure. I have also enclosed a document titled "Attorney-Client Privilege," which contains information on the preservation of the confidential nature of our relationship with you.

  Please feel free to contact me if you have any questions or concerns. Please contact me on my cell phone if you need to reach me after hours or on the weekend. My cell number is (801) 598-4658.

  We have received a $25,000 retainer deposit for you in connection with this matter. Your retainer deposit has been placed in our client trust account, and we will draw against the funds on deposit to pay our invoices for fees and expenses incurred prior to the bankruptcy filing. Additional information on our client trust account procedures is enclosed.

  It is my understanding that the $25,000 retainer deposit was paid by Pattie Baker, your significant other. The Oregon Rules of Professional Conduct prohibit me from accepting payment from anyone other than you unless: (1) the client gives informed consent; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer

relationship; and (3) information related to the representation of a client is protected. I believe that I can satisfy the second and third requirements, as we will keep all of your information confidential. However, for the first requirement, it is necessary for you to consider the situation and other options, and then sign this letter if you consent to my firm's acceptance of payment from Pattie.

The rule prohibiting the acceptance of payment from another person is designed to protect against undue influence by a non-client. While I do not believe that there will be any undue influence in this matter, you should consider whether acceptance of payment could possibly affect the "zealousness" or eagerness with which my firm represents you. The Oregon ethical rules governing an Oregon attorney conduct require that I recommend that you seek independent counsel to determine whether you should consent to my acceptance of payment. Whether or not you consult independent counsel, however, is up to you.

If you are willing to consent to my acceptance of the retainer deposit from Pattie, please sign the consent provision at the bottom of this letter, and return it to me with a signed copy of the Bankruptcy Attorney-Client Fee Agreement. If you have any questions, or if there is any other information that I can provide which might help you make a decision on this matter, please let me know.

Currently, my time is charged at $375.00 per hour and hourly rates for associates range from $225.00 to $315.00. The hourly rates for legal assistants range from $100.00 to $150.00. I will utilize associates and legal assistants as much as appropriate to keep your legal bill as low as possible. Additional information about my firm's hourly rates and expense policy is included in the Bankruptcy Attorney-Client Fee Agreement.

My direct dial telephone number is 503-417-0508. That number will always reach me or my voice mailbox. You can leave messages at that number at any time. If you reach my voice mailbox but would prefer to speak to an operator, press 0. I do my best to return all telephone calls within 24 hours. Again, please feel free to contact me on my cell phone if you cannot reach me at the office.

If I am unavailable and you need immediate help, please call my assistant, Chris, and he will try to reach me or arrange for another attorney in the firm to contact you. Chris' direct dial number is 503-417-0511. Chris also has access to my calendar and can schedule appointments for you.

If the terms and conditions of our representation are acceptable, please sign the attached Bankruptcy Attorney-Client Fee Agreement, and a signed copy of this letter, and return it to my office. I will follow up with additional correspondence about the records and materials we need to prepare and file the bankruptcy case.

We have found that our effective representation of a client's interest is critically dependent upon a foundation of mutual trust and confidence. If there is ever a concern regarding the progress of any matter we are handling, or if anyone has any questions regarding our statements, please do not hesitate to contact me.

Very truly yours,

MOTSCHENBACHER & BLATTNER LLP

*/s/ Nicholas J. Henderson*
*(signed electronically)*

Nicholas J. Henderson

NJH/cs
Enclosures

---

I hereby consent to Motschenbacher & Blattner LLP's acceptance of the $25,000 retainer deposit from Pattie Baker, my significant other.

_____        _11-28-17_
Mark Delong                       Date