**JOSEPH M. MEIER OSB #842962**
COSHO HUMPHREY, LLP
1501 S. TYRELL LANE
BOISE, ID 83706
PO BOX 9518
BOISE, ID 83707-9518
Telephone (208) 344-7811
Facsimile (208) 338-3290
**Email: jmeier@cosholaw.com**

Attorneys for Creditor, Bank of Eastern Oregon

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MARK E. DELONG,<br><br>             Debtor. | Case No. 17-34395-PCM11 |

**SUPPLEMENTAL MEMORANDUM**

COMES NOW, Bank of Eastern Oregon, ("Bank") through its attorneys of record, Cosho Humphrey, LLP, and hereby supplements the previous Memorandums filed by Bank of Eastern Oregon in this proceeding.

At the preliminary hearing on Bank of Eastern Oregon's ("Bank") motion to lift stay Debtor argued that stay should not be lifted as the real property which Bank claims a lien is necessary for an effective reorganization.

Bank not only is seeking relief from stay under 11 U.S.C. § 362(d)(1) for cause, including a lack of adequate protection, but also it is seeking relief under 11 U.S. C. § 362(d)(2) arguing that not only is there no equity in the real property but also the real property is not necessary for an effective reorganization. It is this argument raised by the Debtor at the preliminary hearing that the Bank is addressing. Bank hereby incorporates the other arguments it made in the previous memorandums and is not reasserting those herein.

### A. DEBTOR CANNOT SHOW THAT THE REAL PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION

The United States Supreme Court has stated that in order to establish that property is necessary to an effective reorganization it requires "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means.... that there must be a 'reasonable possibility of the successful reorganization within a reasonable time'" *United Sav. Ass'n. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76, 108 S.Ct. 626, 632, 98 L.Ed 2d 740 (1988). Further, in an Eastern District of California case the Debtor had two substantial assets, a duplex and a vineyard. See *In re Teresi,* 134 B.R. 392 (Bankr. E.D. Cal. 1991). There, the Debtors claimed that the duplex was necessary for their reorganization because they believed the sale of the vineyard would create equity in the duplex and the duplex would produce rental income. *Id.* at 398. The California Bankruptcy Court acknowledged that the Debtors failed to propose or suggest a reorganization plan or show why a duplex was essential to it. *Id.* The court found that the failure to produce a reorganization plan, or when it

could be proposed, or when it could be brought to fruition meant the Debtors did not meet their burden. *Id.* See also *In re Kurth Ranch,* 97 B.R. 33, 36 (Bankr. D. Mont. 1989) (Debtor did not satisfy burden to show property was necessary for effective reorganization because no reorganization plan had been proposed and no testimony was offered as the contents of a prospective plan.) See also *In re Ashgrove Apartments of DeKalb County, Ltd*., 121 B.R. 752, 756 (Bankr. S.D. Ohio 1990). (Debtors with income generating property, at a minimum, must show meaningful movement to propose a plan of reorganization and a realistic of plan confirmation.) Here, in the Ninth Circuit, to establish feasibility the Debtor needs to demonstrate that the plan has a reasonable probability of success. *In re Loop 76, LLC,* 465 B.R. at 544, 787 F.2d 1352, 1364 (9th Cir. 1986).

See also In re Iliamma Lakeshore Condominiums, LLC No. A10-00440-DMD, 2010 WL 7920615, at *6 (Bankr. D. Alaska Aug. 25, 2010). There, the Court reasoned that it felt the reorganization prospect of the Debtor was slim. It was a one asset case having secured creditors with substantial claims. The Debtor had no employees and very little ongoing business. The seasonal rental payments generated by the project would barely even cover insurance premiums. The project was not generating enough income to cover its secured debt. Id. at *7. Thus, while the Debtor can likely establish that it is necessary that he needs this property for a successful reorganization that is not where the inquiry stops. This Court must determine if a plan can be reasonably proposed and if its success will be feasible. As stated by the Supreme Court "To establish property is necessary to an effective reorganization requires not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but

that the property is essential for an effective reorganization that is in prospect. This means… that there must be a 'reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n v. Timbers of Inwood Forest Acssoc., Ltd.,* 484 U.S. 365, 375-76, 108 S.Ct. 626, 632, 98 L.Ed 2d 740 (1988).

## B. CONCLUSION

Therefore, Debtor will not be able to establish that this real property is necessary for an effective reorganization as their prospects for a reorganization are slim with no credible indicia of feasibility.

DATED this   16th   day of February, 2018.

        COSHO HUMPHREY, LLP

        /s/ Joseph M. Meier
        JOSEPH M. MEIER, Attorneys for Bank of Eastern Oregon

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___16th___ day of February, 2018, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

DAVID B GRAY on behalf of Creditor   Deere & Company
david@davegraylaw.com,   dgrayattorney@gmail.com

NICHOLAS J HENDERSON on behalf of Debtor Mark E. Delong nhenderson@portlaw.com, csturgeon@portlaw.com;tsexton@portlaw.com;atrauman@portlaw.com

TROY SEXTON on behalf of Debtor Mark E. Delong tsexton@portlaw.com, nhenderson@portlaw.com,csturgeon@portlaw.com,mmyers@portlaw.com,troy-sexton-4772@ecf.pacerpro.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

SONIA ZAHEER on behalf of U.S. Trustee   US Trustee, Portland
sonia.zaheer@usdoj.gov


                                            /s/ Joseph M. Meier
                                            JOSEPH M. MEIER