Nicholas J. Henderson, WSBA #44626
nhenderson@portlaw.com
Troy G. Sexton, WSBA #48826
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 17-34395-pcm11 |
| MARK DELONG, | AMENDED DEBTOR'S DISCLOSURE STATEMENT (DATED MAY 11, 2018) |
| Debtor. | |

## I.     INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the individual Chapter 11 case of Mark E. Delong (the "Debtor"). This Disclosure Statement contains information about the Debtor and describes the Debtor's Plan of Reorganization Dated May 11, 2018 (the "Plan") filed by Debtor. A full copy of the Plan is attached to this Disclosure Statement as **Exhibit A**.

*YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THE PLAN AND THIS DISCLOSURE STATEMENT CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.*

The proposed distributions under the Plan are discussed at pages 7-9 of this Disclosure Statement. General unsecured creditors not entitled to priority treatment are classified in Class 6 of the Plan, and will receive distributions as set forth in Section III C (3) below.

## A. Purpose of This Document

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case;
- How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed);
- Who can vote on or object to the Plan;
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan;
- Why the Debtor believe the Plan is feasible, and how the treatment of your claim or interest under the Plan compares to what you would receive on your claim or interest in liquidation; and
- The effect of confirmation of the Plan.

And includes the following exhibits:

EXHIBIT A:   Debtor's Proposed Plan of Reorganization
EXHIBIT B:   Liquidation Analysis
EXHIBIT C:   Debtor's Projected Income and Expenses During Plan

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

**The only representations that are authorized by the Debtor concerning the Debtor, the value of its assets, the extent of their liabilities, or any facts material to the Plan are representations contained in this Disclosure Statement, the Schedules, the Statement of Financial Affairs, and the monthly financial reports filed with the Court. No representations concerning this Plan or the Debtor, other than those contained in this Disclosure Statement, the Schedules, the Statement of Financial Affairs, and the monthly financial reports filed with the Court should be relied upon. Any other representations should be reported to Nicholas J. Henderson, attorney for the Debtor in Possession, for referral to the Court for appropriate action.**

## B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

**1. Time and Place of the Hearing to Confirm the Plan**

The hearing at which the Court will determine whether to confirm the Plan will take place on _____, 2018, at _____ before the Honorable Peter C. McKittrick, United States Bankruptcy Judge, Courtroom No. 1, 1001 SW Fifth Ave., Suite 700, Portland, OR 97204. The Bankruptcy Court will confirm the Plan only if the relevant requirements set forth in 11 U.S.C. § 1129 are satisfied.

**2. Deadline For Voting to Accept or Reject the Plan**

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to Nicholas J. Henderson Attorney for Debtor, 117 SW Taylor Street, Suite 300, Portland, OR 97204. See section IV.A. below for a discussion of voting eligibility requirements.

Your ballot must be received by March 30, 2018, or it will not be counted.

**3. Deadline For Objecting to Confirmation of the Plan.**

Objections to confirmation of the Plan must be in writing and must be filed with the Clerk of the Bankruptcy Court and served on counsel for Debtor on or before _____, 2018. Counsel for Debtor, on whom objections must be served, is Nicholas J. Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204; facsimile: (503) 417-0527; email: nhenderson@portlaw.com.

**4. Identity of Person to Contact for More Information**

If you want additional information about the Plan, you should contact Counsel for Debtor, Nicholas J. Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204; facsimile: (503) 417-0527; email: nhenderson@portlaw.com.

**C. Disclaimer**

If accompanied by a Court Order stating that the Court has conditionally approved this Disclosure Statement, then the Court has conditionally approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. If no order accompanies this Disclosure Statement, then the Court has not conditionally approved this Disclosure Statement. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a

Page 3 – DEBTOR'S DISCLOSURE STATEMENT

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan.

## II.  BACKGROUND

**A.  Description and History of the Debtor and Events Leading to Bankruptcy.**

The Debtor, Mark Delong, is the owner of real property in Vale, Oregon, and a long-time cattle farmer.  In 2014, the Debtor fell behind on his payments to his primary creditor Bank of Eastern Oregon.  The Debtor alleges that the Bank of Eastern Oregon breached is loan agrements in various ways, and further alleges that the Debtor's financial problems resulted from the bank's breaches.  The Bank of Eastern Oregon initiated a foreclosure action, which precipitated this bankruptcy filing.  The Debtor is currently engaged in litigation against the Bank of Eastern Oregon regarding the Debtor's allegations.  No judicial determination has been made regarding the Debtor's allegations.

**B.  Insiders of the Debtor.**

There are no insiders other than the Debtor himself.

**C.  Management of the Debtor Before and During the Bankruptcy.**

During the two years prior to the date on which the bankruptcy petition was filed, and at all times since the filing of the petition, the Debtor has exclusively managed his business affairs. Additionally, Debtor is assisted by his long-term significant other, Pattie Baker, who is also a creditor holding an unsecured claim.

After the effective date of the order confirming the Plan, the Debtor shall continue to exclusively manager his business affairs.

**D.  Significant Events During the Bankruptcy Case.**

The following is a list of significant events that have occurred since the petition:

| Date | Event |
| --- | --- |
| 11/28/2017: | Commencement of case under Chapter 11 of the Bankruptcy Code; |
| 11/28/2017: | Application to Employ Nicholas J. Henderson, and the law firm of Motschenbacher & Blattner LLP and filed; |
| 1/2/2018 | Case Management Documents filed. |
| 1/3/2018 | Motion for Relief from Stay Filed by Bank of Eastern Oregon |

Page 4 – DEBTOR'S DISCLOSURE STATEMENT

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

| | |
|---|---|
| 1/5/2018 | Meeting of Creditors was held by the United States Trustee; |
| 1/5/2018 | Case Management Conference held in the U.S. Bankruptcy Court. |
| 1/17/2018 | Order Authorizing Employment of Motschenbacher & Blattner LLP entered by the Bankruptcy Court; |
| 2/27/2018 | Hearing held in the U.S. Bankruptcy Court regarding Bank of Eastern Oregon's Motion for Relief from Stay; |
| 2/28/2018 | Adversary Proceeding filed by Debtor against Bank of Eastern Oregon Adv. Proc No. 18-03020-pcm11 |
| 2/28/2018 | Application to Employ Judge, Lang & Katers as Special Counsel filed; |
| 3/29/2018 | Order Authorizing Employment of Judge, Lang & Katers entered by the Bankruptcy Court |
| 4/12/2018 | Plan and Disclosure Statement filed; |

**E. Projected Recovery of Avoidable Transfers.**

The Debtor does not anticipate pursuing any preference, fraudulent conveyance, or other avoidance actions.

**F. Claims Objections.**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserve the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article VI of the Plan.

**III.     SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS.**

**A. What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Case 17-34395-pcm11     Doc 116     Filed 05/11/18

claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

**B. Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Debtor have not placed the following claims in any class:

**1. Administrative Expenses**

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | **None** | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | **None** | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, as approved by the Court. | **$75,000 (estimated)** | Paid in full on the effective date or according to a separate written agreement after such fees have been approved by the Court |
| Clerk's Office Fees | **None** | Paid in full on the effective date of the Plan |
| Other administrative expenses | **None** | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | **$325** | Paid in full on the effective date of the Plan or when due |
| TOTAL | **$75,325** | |

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

## 2. Priority Tax Claims

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description | Estimated Amount | Post petition Interest Rate | Treatment |
|---|---|---|---|
| IRS- Income Tax | $11,292 | 5% | 4 Bi-annual payments of $3,006 |

## C. Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan..

## 1. Classes of Secured Claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan. Each creditor's lien is secured against the Property and they are listed in priority order, starting with the most senior creditor:

| Class | Description | Impairment | Collateral / Treatment |
|---|---|---|---|
| 1 | Malheur County | Impaired | Class 1 will receive one lump-sum payment on or before January 31, 2019. The claim will continue to be secured by a lien in all real and personal property that secured the lien as of the Petition Date, with the same priority such liens had as of the Petition Date. |
| 2 | Bank of Eastern Oregon | Impaired | Class 2 is disputed and is the subject of litigation in adversary proceeding no. 18-03020-pcm. To the extent allowed as a secured claim, the Class 2 claim shall remain in effect, except for the following modifications to the loan documents evidencing the claim: |

Page 7 – DEBTOR'S DISCLOSURE STATEMENT

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

| | | | |
|---|---|---|---|
| | | | a) All defaults existing shall be deemed cured on the Effective Date;<br>b) The claim shall accrue interest at 5.25% per year from the Effective Date until paid.<br>c) The Class 2 claim shall be amortized over twenty years from the Effective Date;<br>d) The maturity date of the debt shall be extended to July 31, 2025;<br>e) The Debtor may pre-pay the claim without penalty<br>Starting January 15, 2019, the Debtor will pay Bank of Eastern Oregon $189,000 bi-annually. Bank of Eastern Oregon will release its assert security interest in all assets except the Debtor real property and irrigation equipment. |
| 3 | Deere & Company | Impaired | Class 3 will continue to be secured by a lien in equipment that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date. Class 3 will be paid in full, with interest at 3.4% per annum, in one lump-sum on or before July 31, 2019. |
| 4 | Northwest Farm Credit Services | Impaired | Class 4 will continue to be secured by a lien in real property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date. Class 4 will be paid in full, with interest at 5.25% per annum, in one lump-sum on or before July 31, 2019. |
| 5 | AB Livestock, LLC | Impaired | Class 5 will continue to be secured by a second-position lien in non-irrigation equipment. Class 5 will be paid in full, with interest at 5.25% per annum, in equal bi-annual installments of $25,000 commencing on July 31, 2019, with similar payments due on the last day of the calendar months six months thereafter, until paid. AB Livestock, LLC will release its security interest in all assets other than the non-irrigation equipment. |

## 2. Classes of Priority Unsecured Claims

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

Other than Priority Tax Claims, described above, the Debtor does not have any Priority Unsecured Claims.

### 3. Classes of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The Plan specifies 1 class of general unsecured claims.

Class 5 shall consist of all allowed general unsecured claims. The following chart identifies the Plan's proposed treatment of Class 5:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 6 | Unsecured Class | Impaired | Each creditor holding an allowed general unsecured claim will receive pro-rata share of $425,000, paid in annual installments, with such payments to commence within two years of the Effective Date. The Debtor may prepay all or any portion of such Claims at any time. |

### 4. Classes of Equity Interest Holders

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a Debtor, the Debtor is the Interest holder.

The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 7 | Interests of the individual Debtor. | Unimpaired | The Class 6 individual Debtor shall retain all of its rights. |

***The above is intended only as a summary and brief description of the Plan. Many of the operative provisions of the Plan that may affect the treatment of specific claims may have been omitted from this brief description. Therefore, the Plan should be read fully and carefully to determine how a specific claim is to be treated under the Plan.***

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

## D. Means of Implementing the Plan

The Debtor shall generate the funds necessary to make the payments under the Plan by contributing a portion of the Debtor's rental income under the terms of a new lease agreement with Pattie Baker, and by restarting cattle purchasing, feeding and sales. Debtor will obtain additional financing outside of bankruptcy to obtain funds necessary to purchase cattle and pay for operating expenses. The Debtor plans to obtain a USA Farm Service Agency loan in the amount of $300,000, twice per year. Initially, the FSA loan will enable to purchase approximately 600 head of cattle, which he will feed for approximately 150 days, and will then sell for a profit. The Debtor will also custom feed cattle belong to other cattle farmers. The revenue the Debtor expects to receive from such activities is reflected in **Exhibit C**. The Debtor will also continue to provide services to other cattle farmers, for which he is paid a commission. The Debtor does not anticipate making any significant changes to his household budget during the life of the Plan, other than to expand his cattle purchasing operations if he is able to obtain financing in larger amounts than is offered by the FSA.

On the Effective Date of the Plan, the Debtor estimates that he will have approximately $53,245 in cash on hand. That cash will be used to pay those administrative expenses required to be paid at confirmation, including US Trustee fees in the amount of $325, and attorney's fee as may be approved by the court. Debtor's attorneys estimate the total amount of fees due at confirmation will be $75,000. If necessary, Debtor's attorneys will enter into a separate agreement allowing the Debtor to pay $25,000 upon confirmation, with the remaining amount of fees to be paid after confirmation. Such an agreement will allow the Debtor to retain funds to necessary for plan implementation.

The Debtor, creditors, and interest holders will take all actions and execute whatever documents are necessary and appropriate to effectuate the terms of the Plan.

## E. Risk Factors

This Disclosure Statement contains statements that are based on projected financial estimates, and therefore involve risks and uncertainty. Such risks and uncertainty include, but are not limited to, the risk that the Debtor' income and expense projections are erroneous, the risk that the Debtor will be unable to obtain the financing necessary to purchase cattle to restart his

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

cattle farming operations.  Additionally, there is a risk that the Debtor will not be able to obtain contracts for custom feeding to the extent necessary to fund the Plan.

Creditors and equity interest holders should carefully consider these risks when evaluating the Plan.

**F.  Executory Contracts and Unexpired Leases**

The Plan, in Article VII, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan.  Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Article VII also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Article VII will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

**G.  Tax Consequences of Plan**

***Creditors and Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.***

The following discussion summarizes in general terms certain federal income tax consequences of the implementation of the Plan based upon existing provisions of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), court decisions, and current administrative rulings and practice. This summary does not address the federal income tax consequences of the Plan to holders of priority or secured claims, nor does it address any state, local or foreign tax matters or the federal income tax consequences to certain types of creditors (including financial institutions, life insurance companies, tax exempt organizations and foreign

Page 11 – DEBTOR'S DISCLOSURE STATEMENT
{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

taxpayers) to which special rules may apply. No rulings or opinions have been or will be requested from the Internal Revenue Service with respect to any of the tax aspects of the Plan.

THIS ANALYSIS DOES NOT ADDRESS THE TAX IMPLICATIONS OF THE PLAN TO ANY SPECIFIC CREDITOR. Substantial differences in the tax implications are likely to be encountered by the creditors because of the difference in the nature of their Claims, their taxpayer status, their method of accounting, and the impact of prior actions they may have taken with respect to their Claims.

The following are the anticipated tax consequences of the Plan:

### 1. Tax Consequences to the Debtor.

The Debtor does not anticipate any extraordinary or unusual tax consequences because all claims will be paid in full. He will experience ordinary income from employment and rents received. He will experience ordinary expenses for any business related expenses and interest expense. Debt reduction will be a capital (non-deductible) expense.

### 2. General Tax Consequences on Creditors.

Creditors will not experience any unusual or extraordinary tax consequence following Confirmation of the Plan. Payments will be treated in the same manner as they were treated before Confirmation of the Plan. As discussed above, the effect of the Plan on specific creditors will depend on specific financial information relative to such creditor that is unknown to the Debtor. As a result, the tax implications to specific creditors cannot be completely described herein.

THE OPINIONS SET FORTH IN THIS DISCLOSURE STATEMENT ARE STRICTLY THOSE OF THE DEBTOR AND/OR THEIR TAX ADVISORS. THE PLAN MAY HAVE TAX CONSEQUENCES TO CREDITORS. TAXING AUTHORITIES ARE NOT BOUND BY THIS DISCLOSURE STATEMENT OR THE DEBTOR'S OPINIONS REGARDING TAX CONSEQUENCES OF THE PLAN.

### IV.    CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

### A. Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A party in interest has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes 1-6 are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.

### 1. What Is an Allowed Claim or an Allowed Equity Interest?

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor have scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim in this case was April 5, 2018.**

### a. What is an Impaired Claim or Impaired Equity Interest?

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is impaired under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

### b. Who is Not Entitled to Vote

The holders of the following types of claims and equity interests are not entitled to vote:

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- administrative expenses.

### c.   Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

### B.   Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed in Section B.2, below.

### 1.   Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

Page 14 – DEBTOR'S DISCLOSURE STATEMENT
{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

### a. Treatment of Nonaccepting Classes

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

### C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Plan proposes to pay all creditors more than they would receive in a chapter 7 liquidation. The Liquidation Analysis attached hereto as **Exhibit B** illustrates that general unsecured creditors and priority tax claims would receive approximately 0% of their claims in a chapter 7 liquidation.

### D. Feasibility

The Court must find that Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor, or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

#### 1. Ability to Initially Fund Plan.

The Debtor believes that he will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.

#### 2. Ability to Make Future Plan Payments And Operate Without Further Reorganization.

The Debtor must also show that he will have enough cash over the life of the Plan to make the required Plan payments. The Debtor has provided financial information showing current cash amounts and projections of cash flow from earnings and from the sale of the Property. See **Exhibit C**.

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

*You should consult with your accountant or other financial advisor if you have any questions pertaining to the Debtor's projections.*

**E. Confirmation Requirements for Individual Debtor.**

To confirm the Plan the court must find that "the value of the property to be distributed under the plan is not less than the disposable income of the Debtor (as defined in §1325(b)(2)) to be received during the five-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer." 11 U.S.C. §1129(a)(15)(B). The Debtor projects that his disposable income for the 5 year period beginning on the Effective Date will be $352,000**.** The Plan provides for payment of more than that amount to the unsecured creditors in Class 6. The Plan, therefore, complies with §1129(a)(15)(B).

*You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.*

## V. <u>EFFECT OF CONFIRMATION OF PLAN</u>

**A. Discharge of Debtor.**

Debtor is seeking a discharge, upon completion of all payments to be made under the Plan. pursuant to 11 U.S.C. §1141(d)(5), subject to any applicable exceptions to discharge, if any are sustained by the Court, under 11 U.S.C. §1141(d)(6).

After confirmation, but before completion of all payments under the Plan, Debtor shall have the right to request, on notice to the appropriate parties, that Debtor's case be closed subject to reopening without payment of a re-opening fee or filing fee, for the limited purpose of entry of discharge.

Debtor shall be entitled to entry of discharge under 11 U.S.C. §1141 upon completion of the payments to all classes of Creditors in this Plan without regard to the date of completion of such payments. Specifically, Debtor will be entitled to entry of discharge prior to the expiration of seven years from the Effective Date should Debtor complete the payments provided for in this Plan in less than seven years.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

**B. Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan. Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

**C. Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Respectfully submitted,

/s/ Mark E. Delong
Mark E. Delong, Plan Proponent


MOTSCHENBACHER & BLATTNER, LLP

By:/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Plan Proponent


LIST OF EXHIBITS

EXHIBIT A:      Debtor's Proposed Plan of Reorganization
EXHIBIT B:      Liquidation Analysis
EXHIBIT C:      Debtor's Projected Income and Expenses After Confirmation

{00053696:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Case 17-34395-pcm11     Doc 116     Filed 05/11/18

**In re: Mark E. Delong**
**Case No. 17-34395-pcm11**

**DEBTOR'S DISCLOSURE STATEMENT**

**EXHIBIT A – DEBTOR'S PLAN OF REORGANIZATION**

Nicholas J. Henderson, OSB#074027
nhenderson@portlaw.com
Troy G. Sexton, OSB#115184
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528
nhenderson@portlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Case No. 17-34395-pcm11 |
|---|---|
| MARK DELONG, | DEBTOR'S PLAN OF REORGANIZATION DATED APRIL 12, 2018 |
| Debtor. | |

### ARTICLE I.
### PLAN SUMMARY

This Plan of Reorganization dated April 12, 2018 (the "Plan") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") proposes to pay creditors of Mark Delong (the "Debtor") in bi-annual installments after confirmation. The Debtor's payments will be made from future operation of the Debtor's business, from Debtor's receipt of rent from a solar farm to be installed in one of the Debtor's properties, and from the receipt of rent from a tenant using the Debtor's real property.

This Plan provides for five classes of secured claims, one class of unsecured claims, and the Debtor himself, as the interest holder. General unsecured creditors holding allowed claims will receive approximately 10% of their claim without interest as further described in the Plan. The Plan also provides for the payment of administrative claims. The Debtor will retain possession of all his assets except as otherwise provided in the Plan.

All creditors and interest holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity holders will be circulated. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one (if you do not have one, you may wish to consult one).**

**NOTE: The Plan proposes that the lien of AB Livestock, LLC is secured only by non-irrigation equipment owned by the Debtor, as described in Section 3.1.5 below. AB Livestock, LLC's asserted lien against all other property is unsecured by virtue of the fact that all such property is encumbered by Bank of Eastern Oregon's senior lien.**

## ARTICLE II.
## DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of §§ 1125 and 1126 of the Bankruptcy Code, and Bankruptcy Rule 3016(c). Prior to mailing the Plan to Creditors for voting, the Court will have considered and approved the Disclosure Statement. The Disclosure Statement provides useful information to assist Creditors in voting on the Plan. A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS

**3.1. Secured Creditors.**

### 3.1.1. Class 1 - Malheur County (Property Taxes)

Class 1 consists of the allowed secured claim of Malheur County for unpaid real property taxes assessed upon the Debtor's real property located within Malheur County, Oregon, having an unpaid balance of $26,427.34.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

### 3.1.2. Class 2 - Bank of Eastern Oregon

Class 2 consists of the disputed secured claim of Bank of Eastern Oregon, in the amount

of $4,662,920.50. The Class 2 claim is evidenced by the following documents (collectively, the

"BEO Loan Documents"):

- Three promissory notes with loan numbers ending with 8512, 8579 and 8546;

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon, as Instrument No. 2013-5383.

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon, as Instrument No. 2013-5384.

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon ,as Instrument No. 2013-5385.

- A deed of trust recorded on November 10, 2004 in the records of Malheur County, Oregon, as Instrument No. 2004-7992.

- Agricultural security agreements under which Debtor is grantor and Bank of Eastern Oregon is the lender

Some of the BEO Loan Documents have been modified, and the Debtor also executed

forbearance agreements with the Bank of Eastern Oregon, which purported to modify the terms

of the BEO Loan Documents.

### 3.1.3. Class 3 – Deere & Company dba John Deere Financial

Class 3 consists of the allowed secured claim of Deere & Company dba John Deere

Financial, secured by John Deere equipment, as set forth in the Loan Contract – Security

Agreement dated September 30, 2013.

### 3.1.4. Class 4 – Northwest Farm Credit Services, FLCA

Class 4 consists of the allowed secured claim of Northwest Farm Credit Services, FLCA,

as evidenced by that deed of trust recorded on December 27, 2005, in the records of Malheur

County, Oregon, as Instrument No. 2005-9499.

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

### 3.1.5.  Class 5 – AB Livestock, LLC

Class 5 consists of the secured claim of AB Livestock, LLC, allowed in the amount of $56,864, secured by a junior lien (subordinate to Deere & Company) in the Debtor's John Deere 4440 Tractor and John Deere Chopper w/ Hay and Corn Head.

### 3.2. Unsecured Creditors

#### 3.2.1.  Class 6 – General Unsecured Creditors

Class 6 consists of all creditors holding allowed general non-priority unsecured claims.

### 3.3. Interests

#### 3.3.1.  Class 7 – Interests of the Debtor.

Class 7 consists of the Debtor's interest in the property of the estate.

**ARTICLE IV.**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**PRIORITY TAX CLAIMS AND U.S. TRUSTEE'S FEES**

**4.01**     **Unclassified Claims.**  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.


**4.02**     **Administrative Expense Claims.**  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**4.03**     **Priority Tax Claims.**  The Debtor will pay all holders of priority tax claims the full amount of their claims, together with interest beginning from the Effective Date at the rate determined pursuant to 11 USC § 511. Claims will be paid in four equal bi-annual installments, plus interest, commencing on January 15, 2019, and continuing on July 15th and January 15th of each year thereafter until paid in full.  The Debtor may prepay all or any portion of such priority tax claims.

Page 4 – PLAN OF REORGANIZATION
{00053697:1}

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

**EXHIBIT A - Page 4 of 15**
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

**4.04    United States Trustee Fees.**  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

**ARTICLE V.**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

The categories of claims and equity interests listed below classify claims and equity interests for all purposes, including voting, confirmation, and distribution (if any) pursuant to the Plan and pursuant to Sections 1122 and 1123(a)(1) of the Bankruptcy Code. A claim or equity interest shall be deemed classified in a particular class only to the extent that the claim or equity interest qualifies within the description of that class and shall be deemed classified in a different class to the extent that any remainder of such claim or equity Interest qualifies within the description of such different class. A claim or equity interest is in a particular class only to the extent that such claim or equity interest is allowed in that class and has not been paid or otherwise settled prior to the Effective Date.

Secured Creditors will retain their liens until paid in full, unless specifically provided otherwise in the Plan. Secured Creditors shall have the option of submitting new security agreements to Debtor consistent with the provisions of the Plan for execution by Debtor. The Debtor agrees to sign such documents upon presentation.

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim. Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived. A Claim for a deficiency shall be filed with the Court and served upon the Debtor and Debtor's counsel. Unless the Debtor objects to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed. Each creditor's lien is secured against the Property and they are listed in priority order, starting with the most senior creditor.

Page 5 – PLAN OF REORGANIZATION
{00053697:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**5.1    Class 1 – Secured Claim of Malheur County**

The Class 1 claim of Malheur County is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 16% per annum, in one lump-sum on or before January 31, 2019.  Until the Class 1 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien(s) had as of the Petition Date.

**5.2    Class 2 – Secured Claim of Bank of Eastern Oregon**

The Class 2 claim of Bank of Eastern Oregon is impaired.  The disputed Class 2 claim.  If allowed, shall be paid as follows: the secured claim amount of $4,662,920.50 will be paid with interest at 5.75% per annum.  If the Class 2 claim is allowed, the BEO Loan Documents shall remain in full force and effect following confirmation, except for the following modifications:

a)  All defaults existing with respect to the BEO Loan Documents shall be deemed cured on the Effective Date;

b)  The Class 2 claim shall accrue interest at 5.75% per year from the Effective Date until paid.

c)  The Class 2 claim shall be amortized over twenty years from the Effective Date.

d)  Debtor will pay the Class 2 claim in equal bi-annual payments of $192,000 each, commencing on January 15, 2019, and continuing on July 15th and January 15th of each year thereafter until paid.

e)  The maturity date of the Class 2 claim shall be extended to July 25, 2025;

f)  Debtor may pre-pay the Class 2 claim at any time, without penalty.

**Bank of Eastern Oregon shall retain its liens only with respect to the Debtor's real property, and in the Debtor's pivots, wheellines, mainline pumps and other irrigation equipment.  Bank of Eastern Oregon's liens as to all other property shall be released as of the Effective Date.  Within 30 days of the Effective Date, Bank of Eastern Oregon shall amend its financing statements to limit its claim security interest to irrigation equipment.**

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

### 5.3    Class 3 – Deere & Company

The Class 3 claim of Deere & Company is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 3.4% per annum, in one lump-sum on or before July 31, 2019.  Until the Class 3 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date.

### 5.4    Class 4 – Northwest Farm Credit Services

The Class 4 claim of Northwest Farm Credit Services is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 5.25% per annum, in one lump-sum on or before July 31, 2019.  Until the Class 4 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date.

### 5.5    Class 5 – AB Livestock, LLC

The Class 5 claim of Northwest Farm Credit Services is impaired. The Class 5 claim shall be allowed as a secured claim in the amount of $56,864.  The Class 5 claim shall be paid in full, with interest at 5.25% per annum, paid in equal bi-annual installments of $25,000 commencing on July 31, 2019, with like payments due on the last day of the calendar month six months thereafter, until paid in full.

**Until the Class 5 claim is fully paid, the claim will continue to be secured by a second-priority lien against Debtor's John Deere 4440 Tractor, and Debtor's John Deere Chopper w/ Hay and Corn Head.  The Class 5 claim is wholly unsecured as to all other property owned by the Debtor.**

**Within 30 days from the Effective Date, AB Livestock, LLC shall release its security interest in all other property owned by the Debtor, and shall amend its financing statement to show that its security interest is limited to the Debtor's John Deere 4440 Tractor, and the John Deere Chopper w/ Hay and Corn Head.**

Page 7 – PLAN OF REORGANIZATION
{00053697:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

EXHIBIT A - Page 7 of 15
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

### 5.6 Class 6 – General Unsecured Claims

The Class 6 claims are impaired. Debtor will pay to each holder of an allowed Class 6 claim, in cash, such holder's pro-rata share of $425,000, which shall be paid by the Debtor within seven (7) years after the Effective Date. Payments to Class 6 claims shall be made annually. The first annual payment will be due two years after the Effective Date. Subsequent payments will be due on the same date each year thereafter, with the final payment due no later than the seventh anniversary of the Effective Date.

Annual Payments will be no less than the following:

| | |
|---|---|
| Year 1: | $0.00 |
| Year 2: | $50,000 |
| Year 3: | $75,000 |
| Year 4: | $75,000 |
| Year 5: | $75,000 |
| Year 6: | $75,000 |
| Year 7: | $75,000 |

### 5.7 Class 7 – The Debtor

The Class 7 Debtor shall retain his interests in all of his assets.

### ARTICLE VI.
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

**6.01 Disputed Claim**. A Disputed Claim means a Claim against the Debtor, to the extent that a proof of Claim has been timely filed or deemed timely filed under applicable law, as to which an objection has been or may be timely filed by the Debtor, or any other party in interest, and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Bankruptcy Court, and has not been denied by a final order. To the extent an objection relates to the allowance of only a part of a claim, such claim will be a disputed claim only to the extent of the objection. Before an objection has, been or may be timely filed, for the purposes of this Plan, a claim will be considered a Disputed Claim

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

to the extent that the amount of the Claim specified in the proof of Claim exceeds the amount of the Claim scheduled by the debtor in possession as other than disputed, contingent, or unliquidated.

**6.02    Distributions Relating to Disputed Claims**. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.  The amount of cash not distributed as a result of the preceding sentence shall be placed in reserves for the benefit of holders of such Disputed Claims.

The amount placed in reserves for the benefit of holders of such Disputed Claims shall be held by the Debtor in a separate segregated account, one for each Disputed Claim. Interest generated on such accounts shall be held in the account, pending distribution as outlined below. At such time as all or any portion of a Disputed Claim becomes an Allowed Claim, the distributions reserved for such Disputed Claim or such portion, together with the actual interest earned on account of such funds shall be released from the appropriate Distribution Reserve Account and delivered to the holder of such Allowed Claim within 30 days. In no event shall a Disputed Claim, which becomes an Allowed Claim, receive a distribution in excess of the amount originally reserved for such Claim. At such time as all or any portion of any Disputed Claim is determined not to be an Allowed Claim, the distribution reserved for such Disputed Claim, or such portion, plus any earnings therein, shall be released from the appropriate Distribution Reserve Account to be distributed pursuant to the remaining provisions of the Plan.

**6.03    Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### ARTICLE VII.
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.1**    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date:

**7.1.1**    Farm lease with the Hill Family;

Page 9 – PLAN OF REORGANIZATION
{00053697:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**7.2**     Unless otherwise agreed by the parties to an assumed contract or lease, any defaults will be cured on the Effective Date of the Plan.

**7.3**     Remaining All executory contracts and leases not otherwise assumed are deemed rejected as of the Effective Date.

### ARTICLE VIII.
### MEANS FOR IMPLEMENTATION OF THE PLAN

**8.1**     **Termination of Debtor-In-Possession**. On the Effective Date of the Plan, the Debtor's status as Debtor-In-Possession shall terminate, and the Debtor shall operate his business affairs and shall not be precluded from engaging in any lawful business activities.

**8.2**     **Re-vesting**. On the Effective Date, all property of the estate shall be vested in the Debtor, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming the Plan, except for liens upon property securing Claims classified as secured claims in the Plan.  The property of the Debtor and/or the property of the bankruptcy estate which will vest in the Debtor on the Effective Date includes but is not limited to their respective tax attributes, including but not limited to ordinary loss carry forwards and capital loss carry forwards as defined and allowed under federal and state tax law that the Debtor or the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

**8.3**     **Pattie Baker Lease.** The Debtor is currently entitled to receive payment for property taxes, utilities and certain expenses related to his real property.  Upon the Effective Date, the Debtor and Pattie Baker shall enter into a new lease, by which the Debtor will receive cash payments of $55,000 per year.

**8.4**     **Business Operations**.  The Debtor will restart business operations as a cattle farmer, and will continue additional business operations, as set forth below.

**8.4.1**     **Cattle Sales.**  The Debtor will obtain financing to restart his cattle farming business.  The Debtor expects to obtain a six-month loan from the USDA Farm Service Agency to restart his cattle operations, which will enable the Debtor to purchase approximately 600 head

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

of cattle in July of 2018.  The USDA Farm Service Agency loan will be secured by cattle purchased with the loan proceeds, and the loan is expected to bear interest at the FSA's then-current rates, which are currently 3.5% per annum.  The Debtor will feed the cattle purchased for approximately 150 days, at which time the Debtor will sell the cattle, repay the FSA loan, and retain a profit necessary for continued business operations, plan payments, and living expenses. The Debtor will continue to obtain USDA – FSA loans at least twice per year, and will continue buying, feeding and selling cattle for profit until alternative loans are available to enable the Debtor to expand his operations.  The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit 3**.

> **8.4.2   Custom Feeding.**  In addition to purchasing, feeding and selling cattle, the Debtor will also resume custom feeding operations for other cattle owners.  The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit 3**.

> **8.4.3   Commission Work**.  In addition to Cattle Sales and Custom Feeding, the Debtor will continue providing services to other cattle operations, by purchasing cattle on commission.  The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit 3**.

**8.7    Solar Farm**.  The Debtor will enter into a solar farm lease by which he will lease, on an annual basis, approximately 150 acres of land for $800 per acre.  The lessee shall also pay all property taxes for the land leased.

**8.8    Retention of Avoidance Claims**. Avoidance Claims, if any, are retained by the Debtor. Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment.

Page 11 – PLAN OF REORGANIZATION
{00053697:1}

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

**EXHIBIT A - Page 11 of 15**
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

**8.9    Retention of Third-Party Claims**. All third-party claims held by the Debtor, to the extent they exist, are preserved. The Debtor, with notice, may abandon third-party claims at any time.

**8.10    DIP Account**. On the Effective Date, the money held in the Debtor's debtor-in-possession account shall revest in the Debtor free of liens to fund the Debtor's obligations under the Plan.

**8.11    Prepayment**. The Debtor may prepay any amounts due to any Creditor or Class of Creditors prior to the due dates set in the Plan without penalty, prior notice or Court approval.

**8.12    No Attorney Fees**. No attorney's fees shall be paid with respect to any Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

**8.10    No Interest**. Except as expressly stated in the Plan or otherwise allowed by the Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtor shall be entitled to offset distributions to any Creditor who has received payment for post-petition interest, penalties or late charges not approved by the Court.

### ARTICLE IX.
### GENERAL PROVISIONS

**9.1    Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**9.2    Effective Date of the Plan.** The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**9.3    Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Page 12 – PLAN OF REORGANIZATION
{00053697:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**9.4     Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**9.5     Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**9.6     Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE X.**
**DISCHARGE**

**10.1     Discharge.** Debtor will receive a discharge of his debts upon completion of all payments to be made under the Plan pursuant to 11 U.S.C. §1141(d)(5), subject to any applicable exceptions to discharge, if any are sustained by the Court, under 11 U.S.C. §1141(d)(6).

After confirmation, but before completion of all payments under the Plan, Debtor shall have the right to request, on notice to the appropriate parties, that Debtor's case be closed subject to reopening without payment of a re-opening fee or filing fee, for the limited purpose of entry of discharge.

Debtor shall be entitled to entry of discharge under 11 U.S.C. §1141 upon completion of the payments to all classes of Creditors in this Plan without regard to the date of completion of such payments. Specifically, Debtor will be entitled to entry of discharge prior to the expiration of seven years from the Effective Date should Debtor complete the payments provided for in this Plan in less than seven years.

**ARTICLE X**
**OTHER PROVISIONS**

**10.1** All administrative expenses shall be paid on the effective date of the Plan, or as otherwise agreed by the parties.

**10.2** The Debtor shall act as his own disbursing agent for payments under the Plan.

Page 13 – PLAN OF REORGANIZATION
{00053697:1}

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

**10.3**     Creditors may not take any actions (including, without limitation, lawsuits or other legal actions, levies, attachments, or garnishments) to enforce or collect either pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. Provided that the Debtor does not materially default under the Plan, creditors shall be prohibited from taking any enforcement or collection actions of any kind against the Debtor or any third party-obligor.

**10.4**     Unless otherwise specified, the following default provisions apply to all creditors: If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than fifteen (15) days after the time specified in the Plan, the affected creditor may serve upon the Debtor a written notice of default. The Debtor is in material default under the Plan if the Debtor fails, within days (15) days of the service of such notice of default (plus 3 days for mailing) to either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

**10.5**     The Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to 11 U.S.C. §1129(b).

**10.6**     The Bankruptcy Court shall retain jurisdiction of this case until all Plan payments have been made.

**10.7**     Any notices, requests, and demands required or permitted to be provided under the Plan, in order to be effective, shall be in writing (including, without express or implied limitation, by facsimile transmission), and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made within actually delivered or, in the case of notice by fax transmission, when received and confirmed, addressed as follows:

> Mark E. Delong
> c/o Nicholas J. Henderson
> Motschenbacher & Blattner, LLP
> 117 SW Taylor Street, Suite 300
> Portland, OR 97204

Page 14 – PLAN OF REORGANIZATION
{00053697:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

EXHIBIT A - Page 14 of 15
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

**10.8** The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**10.9** The Debtor shall execute, deliver, file or record such contracts, instruments, assignments and other agreements or documents, and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**10.10** The date by which the Debtors or any interested party must file objections to Claims, shall be the first Business Day after 120 days after the Effective Date. Objections to claims not filed by the Claims Objection Bar Date shall be deemed waived.

Dated April 12, 2018

Respectfully Submitted,

/s/ Mark E. Delong
Mark E. Delong

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

Page 15 – PLAN OF REORGANIZATION
{00053697:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

EXHIBIT A - Page 15 of 15
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

**In re: Mark E. Delong**
**Case No. 17-34395-pcm11**


**DEBTOR'S DISCLOSURE STATEMENT**

**EXHIBIT B – LIQUIDATION ANALYSIS**

{00053696:1}

**What Unsecured Creditors Would Receive if the Case Were Converted to Ch. 7**

**Real Property:**

| Address | Liens | Fair Market Value | Costs of Sale | Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 2090 7th Ave | County: $23,079.50<br>BEO: $7,167,728.08 | $1,000,000 | $35,000 | $40,000 | $0 |
| 2090 7th Ave | BEO: $7,167,728.08 | $400 | $200 | $0 | $0 |
| 4676 John Day Hwy | County: $23,079.50<br>BEO: $7,167,728.08 | $375,000 | $13,125 | $0 | $0 |
| 4593 John Day Hwy | County: $23,079.50<br>BEO: $7,167,728.08 | $1,500,000 | $56,000 | $0 | $0 |
| 4460 John Day Hwy/<br>4462 John Day Hwy | County: $23,079.50<br>BEO: $7,167,728.08 | $1,200,000 | $42,000 | $0 | $0 |
| Corner of 7th Ave and E Rd | County: $23,079.50<br>Farm Credit: $33,000<br>BEO: $7,167,728.08 | $625,000 | $23,625 | $0 | $0 |
| Total | | **$4,700,400** | | | **$0** |

**Personal Property:**

| Description | Liquidation Value | Secured Claim | Amount of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash and Cash Equivalents | $1,216.45 | $0 | $400 | $816.45 |
| 1995 Chevy Silverado | $2,500 | $0 | $2,500 | $0 |
| 1980 Peterbuilt Semi | $6,000 | $0 | $0 | $0 |
| Household Furnishings and Food | $1,700 | $0 | $1,700 | $0 |
| Antiques | $1,000 | $0 | $1,000 | $0 |

**Exhibit B**
**Page 1 of 3**

| | | | | |
|---|---|---|---|---|
| Shotgun | $250 | $0 | $250 | $0 |
| Breach of Contract Claim: BEO | Unknown | $0 | $0 | Unknown |
| AR Claim: Rick Jacobs | $0 | $0 | $0 | $0 |
| Breach of Contract Claim: Producers Livestock | $19,000 | $0 | $0 | $19,000 |
| Office Equipment | $300 | $0 | $300 | $0 |
| Hand and Power Tools | $5,000 | $0 | $0 | $5,000 |
| Pivots | Unknown | $0 | $0 | Unknown |
| Horses | $2,000 | $0 | $1,000 | $1,000 |
| John Deere 4400 Tractor | $10,000 | $0 | $5,000 | $5,000 |
| Feed Truck | $2,500 | $0 | $0 | $2,500 |
| John Deere Chopper w/ Corn and Hay Head | $70,0000 | $15,565 | $0 | $54,435 |
| Dump Truck | $4,000 | $0 | $0 | $0 |
| Trailers | $4,000 | $0 | $0 | $0 |
| Net Proceeds of Real Property and Personal Property | | | | $87,751.45 |
| Recovery from Preferences / Fraudulent Conveyances | $0 | | | |
| Chapter 7 Administrative Claims | [SUBTRACT] | | | ($5,000) |
| Chapter 11 Administrative Claims | [SUBTRACT] | | | ($60,000) |
| Priority Claims | [SUBTRACT] | | | ($11,292) |
| Chapter 7 Trustee Fees | [SUBTRACT] | | | ($7,637) |
| Chapter 7 Trustee's Professionals | [SUBTRACT] | | | ($15,000) |

| | | |
|---|---|---|
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS IN CHAPTER 7 | | ($0) |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $3,208,435 |
| Proposed Distribution to Unsecured Creditors Under Proposed Plan | $425,000 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 13.2% |
| Available Distribution to Unsecured Creditors in Chapter 7 Case | 0 |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |

**DEBTOR'S DISCLOSURE STATEMENT**

**EXHIBIT C –**
**DEBTOR'S PROJECTED INCOME AND EXPENSES AFTER CONFIRMATION**

In re: Mark E. Delong
Case No. 17-34395-pcm11

| | July-18 | August-18 | September-18 | October-18 | November-18 | December-18 | January-19 | February-19 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ - | $ 53,245.00 | $ 51,815.00 | $ 50,385.00 | $ 44,080.00 | $ 38,650.00 | $ 323,570.00 | $ 87,134.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - |
| Custom Feed Revenue | $ - | $ - | $ - | $ - | $ - | $ 150,000.00 | $ - | $ - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ - | $ - | $ 450,000.00 | $ - | $ - |
| Lease Payments | $ 55,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Inflows: | $ 356,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 601,500.00 | $ 301,500.00 | $ 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ - | $ - | $ 4,000.00 | $ - | $ - | $ 4,000.00 |
| Livestock Purchases | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - |
| Feed Supplies / Seed | $ - | $ - | $ - | $ - | $ - | $ - | $ 10,000.00 | $ 10,000.00 |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ 8,400.00 | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| US Trustee Fees | $ 325.00 | $ - | $ - | $ 4,875.00 | $ - | $ - | $ - | $ - |
| Total Expenses | $ 303,255.00 | $ 2,930.00 | $ 2,930.00 | $ 7,805.00 | $ 6,930.00 | $ 11,330.00 | $ 312,930.00 | $ 16,930.00 |
| Subtotal: Cash After Expenses | $ 53,245.00 | $ 51,815.00 | $ 50,385.00 | $ 44,080.00 | $ 38,650.00 | $ 628,820.00 | $ 312,140.00 | $ 71,704.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ - | $ - | $ 305,250.00 | $ - | $ - |
| Net Cash Remaining | $ 53,245.00 | $ 51,815.00 | $ 50,385.00 | $ 44,080.00 | $ 38,650.00 | $ 323,570.00 | $ 312,140.00 | $ 71,704.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 53,245.00 | $ 51,815.00 | $ 50,385.00 | $ 44,080.00 | $ 38,650.00 | $ 323,570.00 | $ 312,140.00 | $ 71,704.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,006.00 | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ 30,000.00 | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ - | $ - | $ - | $ - | $ 225,006.00 | $ - |
| Ending Cash Balance After Plan Payments | $ 53,245.00 | $ 51,815.00 | $ 50,385.00 | $ 44,080.00 | $ 38,650.00 | $ 323,570.00 | $ 87,134.00 | $ 71,704.00 |

Exhibit C
Page 1 of 11

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

In re: Mark E. Delong
Case No. 17-34395-pcm11

| | March-19 | April-19 | May-19 | June-19 | July-19 | August-19 | September-19 | October-19 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 71,704.00 | $ 60,274.00 | $ 50,844.00 | $ 12,214.00 | $ 323,334.00 | $ 90,198.00 | $ 85,568.00 | $ 80,938.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - |
| Custom Feed Revenue | $ - | $ - | $ - | $ 175,000.00 | $ - | $ - | $ - | $ - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ 450,000.00 | $ - | $ - | $ - | $ - |
| Lease Payments | $ - | $ - | $ - | $ - | $ 55,000.00 | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 626,500.00 | $ 356,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ 4,000.00 | $ - | $ - | $ - | $ - | $ - |
| Livestock Purchases | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - |
| Feed Supplies / Seed | $ 10,000.00 | $ 8,000.00 | $ 4,000.00 | $ 4,000.00 | $ - | $ - | $ - | $ - |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 31,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 12,930.00 | $ 10,930.00 | $ 40,130.00 | $ 10,130.00 | $ 306,130.00 | $ 6,130.00 | $ 6,130.00 | $ 2,930.00 |
| Subtotal: Cash After Expenses | $ 60,274.00 | $ 50,844.00 | $ 12,214.00 | $ 628,584.00 | $ 373,704.00 | $ 85,568.00 | $ 80,938.00 | $ 79,508.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ 305,250.00 | $ - | $ - | $ - | $ - |
| Net Cash Remaining | $ 60,274.00 | $ 50,844.00 | $ 12,214.00 | $ 323,334.00 | $ 373,704.00 | $ 85,568.00 | $ 80,938.00 | $ 79,508.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 60,274.00 | $ 50,844.00 | $ 12,214.00 | $ 323,334.00 | $ 373,704.00 | $ 85,568.00 | $ 80,938.00 | $ 79,508.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ - | $ - | $ - | $ - | $ 3,006.00 | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ 18,500.00 | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ 45,000.00 | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ 25,000.00 | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ - | $ - | $ 283,506.00 | $ - | $ - | $ - |
| Ending Cash Balance After Plan Payments | $ 60,274.00 | $ 50,844.00 | $ 12,214.00 | $ 323,334.00 | $ 90,198.00 | $ 85,568.00 | $ 80,938.00 | $ 79,508.00 |

Exhibit C
Page 2 of 11
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

| | November-19 | December-19 | January-20 | February-20 | March-20 | April-20 | May-20 | June-20 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 79,508.00 | $ 74,978.00 | $ 418,298.00 | $ 186,862.00 | $ 172,332.00 | $ 160,902.00 | $ 151,472.00 | $ 109,742.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - |
| Custom Feed Revenue | $ - | $ 200,000.00 | $ - | $ - | $ - | $ - | $ - | $ 200,000.00 |
| Cattle Sales Revenue | $ - | $ 450,000.00 | $ - | $ - | $ - | $ - | $ - | $ 440,000.00 |
| Lease Payments | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 651,500.00 | $ 301,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 641,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - |
| Livestock Purchases | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - |
| Feed Supplies / Seed | $ - | $ - | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 8,000.00 | $ 8,000.00 | $ - |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 31,000.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 6,030.00 | $ 2,930.00 | $ 312,930.00 | $ 16,030.00 | $ 12,930.00 | $ 10,930.00 | $ 43,230.00 | $ 2,930.00 |
| Subtotal: Cash After Expenses | $ 74,978.00 | $ 723,548.00 | $ 406,868.00 | $ 172,332.00 | $ 160,902.00 | $ 151,472.00 | $ 109,742.00 | $ 748,312.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ 305,250.00 | $ - | $ - | $ - | $ - | $ - | $ 305,250.00 |
| Net Cash Remaining | $ 74,978.00 | $ 418,298.00 | $ 406,868.00 | $ 172,332.00 | $ 160,902.00 | $ 151,472.00 | $ 109,742.00 | $ 443,062.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 74,978.00 | $ 418,298.00 | $ 406,868.00 | $ 172,332.00 | $ 160,902.00 | $ 151,472.00 | $ 109,742.00 | $ 443,062.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ - | $ - | $ 3,006.00 | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ 25,000.00 | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ 220,006.00 | $ - | $ - | $ - | $ - | $ - |
| Ending Cash Balance After Plan Payments | $ 74,978.00 | $ 418,298.00 | $ 186,862.00 | $ 172,332.00 | $ 160,902.00 | $ 151,472.00 | $ 109,742.00 | $ 443,062.00 |

Exhibit C
Page 3 of 11

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

| | July-20 | August-20 | September-20 | October-20 | November-20 | December-20 | January-21 | February-21 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 443,062.00 | $ 241,626.00 | $ 240,196.00 | $ 238,766.00 | $ 237,336.00 | $ 232,806.00 | $ 566,126.00 | $ 362,696.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - |
| Custom Feed Revenue | $ - | $ - | $ - | $ - | $ - | $ 200,000.00 | $ - | $ - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ - | $ - | $ 440,000.00 | $ - | $ - |
| Lease Payments | $ 45,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | 1,500.00 |
| Total Inflows: | $ 346,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 641,500.00 | $ 301,500.00 | $ 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ - | $ - | 3,100.00 | $ - | $ - | $ 3,100.00 |
| Livestock Purchases | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - |
| Feed Supplies / Seed | $ - | $ - | $ - | $ - | $ - | $ - | $ 10,000.00 | 10,000.00 |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 302,930.00 | $ 2,930.00 | $ 2,930.00 | $ 2,930.00 | $ 6,030.00 | $ 2,930.00 | $ 312,930.00 | $ 16,030.00 |
| Subtotal: Cash After Expenses | $ 486,632.00 | $ 240,196.00 | $ 238,766.00 | $ 237,336.00 | $ 232,806.00 | $ 871,376.00 | $ 554,696.00 | $ 348,166.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ - | $ - | $ 305,250.00 | $ - | $ - |
| Net Cash Remaining | $ 486,632.00 | $ 240,196.00 | $ 238,766.00 | $ 237,336.00 | $ 232,806.00 | $ 566,126.00 | $ 554,696.00 | $ 348,166.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 486,632.00 | $ 240,196.00 | $ 238,766.00 | $ 237,336.00 | $ 232,806.00 | $ 566,126.00 | $ 554,696.00 | $ 348,166.00 |
| *** Attorney Fees - M&B | | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ 3,006.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ 50,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Payments | $ 245,006.00 | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - |
| Ending Cash Balance After Plan Payments | $ 241,626.00 | $ 240,196.00 | $ 238,766.00 | $ 237,336.00 | $ 232,806.00 | $ 566,126.00 | $ 362,696.00 | $ 348,166.00 |

Exhibit C
Page 4 of 11

| | March-21 | April-21 | May-21 | June-21 | July-21 | August-21 | September-21 | October-21 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 348,166.00 | $ 336,736.00 | $ 327,306.00 | $ 314,776.00 | $ 648,096.00 | $ 424,666.00 | $ 423,236.00 | $ 421,806.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - |
| Custom Feed Revenue | $ - | $ - | $ - | $ 200,000.00 | $ - | $ - | $ - | $ - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ 440,000.00 | $ - | $ - | $ - | $ - |
| Lease Payments | $ - | $ - | $ - | $ - | $ 45,000.00 | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 641,500.00 | $ 346,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ 3,100.00 | $ - | $ - | $ - | $ - | $ - |
| Livestock Purchases | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - |
| Feed Supplies / Seed | $ 10,000.00 | $ 8,000.00 | $ 8,000.00 | $ - | $ - | $ - | $ - | $ - |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 12,930.00 | $ 10,930.00 | $ 14,030.00 | $ 2,930.00 | $ 302,930.00 | $ 2,930.00 | $ 2,930.00 | $ 2,930.00 |
| Subtotal: Cash After Expenses | $ 336,736.00 | $ 327,306.00 | $ 314,776.00 | $ 953,346.00 | $ 691,666.00 | $ 423,236.00 | $ 421,806.00 | $ 420,376.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ 305,250.00 | $ - | $ - | $ - | $ - |
| Net Cash Remaining | $ 336,736.00 | $ 327,306.00 | $ 314,776.00 | $ 648,096.00 | $ 691,666.00 | $ 423,236.00 | $ 421,806.00 | $ 420,376.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 336,736.00 | $ 327,306.00 | $ 314,776.00 | $ 648,096.00 | $ 691,666.00 | $ 423,236.00 | $ 421,806.00 | $ 420,376.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | | | | |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ 75,000.00 | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ - | $ - | $ 267,000.00 | $ - | $ - | $ - |
| Ending Cash Balance After Plan Payments | $ 336,736.00 | $ 327,306.00 | $ 314,776.00 | $ 648,096.00 | $ 424,666.00 | $ 423,236.00 | $ 421,806.00 | $ 420,376.00 |

Exhibit C
Page 5 of 11

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

In re: Mark E. Delong
Case No. 17-34395-pcm11

| | November-21 | December-21 | January-22 | February-22 | March-22 | April-22 | May-22 | June-22 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 420,376.00 | $ 415,846.00 | $ 749,166.00 | $ 545,736.00 | $ 531,206.00 | $ 519,776.00 | $ 510,346.00 | $ 497,816.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - |
| Custom Feed Revenue | $ - | $ 200,000.00 | $ - | $ - | $ - | $ - | $ - | $ 200,000.00 |
| Cattle Sales Revenue | $ - | $ 440,000.00 | $ - | $ - | $ - | $ - | $ - | $ 440,000.00 |
| Lease Payments | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 641,500.00 | $ 301,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 641,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - |
| Livestock Purchases | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - |
| Feed Supplies / Seed | $ - | $ - | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 8,000.00 | $ 8,000.00 | $ - |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 6,030.00 | $ 2,930.00 | $ 312,930.00 | $ 16,030.00 | $ 12,930.00 | $ 10,930.00 | $ 14,030.00 | $ 2,930.00 |
| Subtotal: Cash After Expenses | $ 415,846.00 | $ 1,054,416.00 | $ 737,736.00 | $ 531,206.00 | $ 519,776.00 | $ 510,346.00 | $ 497,816.00 | $ 1,136,386.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ 305,250.00 | $ - | $ - | $ - | $ - | $ - | $ 305,250.00 |
| Net Cash Remaining | $ 415,846.00 | $ 749,166.00 | $ 737,736.00 | $ 531,206.00 | $ 519,776.00 | $ 510,346.00 | $ 497,816.00 | $ 831,136.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 415,846.00 | $ 749,166.00 | $ 737,736.00 | $ 531,206.00 | $ 519,776.00 | $ 510,346.00 | $ 497,816.00 | $ 831,136.00 |
| *** Attorney Fees - M&B | $ - | $ - | | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - |
| Ending Cash Balance After Plan Payments | $ 415,846.00 | $ 749,166.00 | $ 545,736.00 | $ 531,206.00 | $ 519,776.00 | $ 510,346.00 | $ 497,816.00 | $ 831,136.00 |

Exhibit C
Page 6 of 11

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

In re: Mark E. Delong
Case No. 17-34395-pcm11

| | July-22 | August-22 | September-22 | October-22 | November-22 | December-22 | January-23 | February-23 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 831,136.00 | $ 607,706.00 | $ 606,276.00 | $ 604,846.00 | $ 603,416.00 | $ 598,886.00 | $ 932,206.00 | 728,776.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | - |
| Custom Feed Revenue | $ - | $ - | $ - | $ - | $ - | $ 200,000.00 | $ - | - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ - | $ - | $ 440,000.00 | $ - | - |
| Lease Payments | $ 45,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | 1,500.00 |
| Total Inflows: | $ 346,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 641,500.00 | $ 301,500.00 | 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ - | $ - | 3,100.00 | $ - | $ - | $ 3,100.00 |
| Livestock Purchases | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | - |
| Feed Supplies / Seed | $ - | $ - | $ - | $ - | $ - | $ - | $ 10,000.00 | 10,000.00 |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Total Expenses | $ 302,930.00 | $ 2,930.00 | $ 2,930.00 | $ 2,930.00 | $ 6,030.00 | $ 2,930.00 | $ 312,930.00 | 16,030.00 |
| Subtotal: Cash After Expenses | $ 874,706.00 | $ 606,276.00 | $ 604,846.00 | $ 603,416.00 | $ 598,886.00 | $ 1,237,456.00 | $ 920,776.00 | 714,246.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ - | $ - | $ 305,250.00 | $ - | - |
| Net Cash Remaining | $ 874,706.00 | $ 606,276.00 | $ 604,846.00 | $ 603,416.00 | $ 598,886.00 | $ 932,206.00 | $ 920,776.00 | 714,246.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 874,706.00 | $ 606,276.00 | $ 604,846.00 | $ 603,416.00 | $ 598,886.00 | $ 932,206.00 | $ 920,776.00 | 714,246.00 |
| *** Attorney Fees - M&B | | $ - | $ - | $ - | $ - | $ - | $ - | - |
| *** Attorney Fees - Katers | | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 1: Secured - Malheur County | | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 2: Secured - Bank of Eastern Oregon | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 6: General Unsecured Claims | $ 75,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Total Payments | $ 267,000.00 | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | - |
| Ending Cash Balance After Plan Payments | $ 607,706.00 | $ 606,276.00 | $ 604,846.00 | $ 603,416.00 | $ 598,886.00 | $ 932,206.00 | $ 728,776.00 | 714,246.00 |

Exhibit C
Page 7 of 11

In re: Mark E. Delong
Case No. 17-34395-pcm11

| | March-23 | April-23 | May-23 | June-23 | July-23 | August-23 | September-23 | October-23 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 714,246.00 | $ 702,816.00 | $ 693,386.00 | $ 680,856.00 | $ 1,059,176.00 | $ 790,746.00 | $ 789,316.00 | $ 787,886.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - |
| Custom Feed Revenue | $ - | $ - | $ - | $ 200,000.00 | $ - | $ - | $ - | $ - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ 440,000.00 | $ - | $ - | $ - | $ - |
| Lease Payments | $ - | $ - | $ - | $ 45,000.00 | $ - | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 686,500.00 | $ 301,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ 3,100.00 | $ - | $ - | $ - | $ - | $ - |
| Livestock Purchases | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - |
| Feed Supplies / Seed | $ 10,000.00 | $ 8,000.00 | $ 8,000.00 | $ - | $ - | $ - | $ - | $ - |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 12,930.00 | $ 10,930.00 | $ 14,030.00 | $ 2,930.00 | $ 302,930.00 | $ 2,930.00 | $ 2,930.00 | $ 2,930.00 |
| Subtotal: Cash After Expenses | $ 702,816.00 | $ 693,386.00 | $ 680,856.00 | $ 1,364,426.00 | $ 1,057,746.00 | $ 789,316.00 | $ 787,886.00 | $ 786,456.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ 305,250.00 | $ - | $ - | $ - | $ - |
| Net Cash Remaining | $ 702,816.00 | $ 693,386.00 | $ 680,856.00 | $ 1,059,176.00 | $ 1,057,746.00 | $ 789,316.00 | $ 787,886.00 | $ 786,456.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 702,816.00 | $ 693,386.00 | $ 680,856.00 | $ 1,059,176.00 | $ 1,057,746.00 | $ 789,316.00 | $ 787,886.00 | $ 786,456.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ 75,000.00 | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ - | $ - | $ 267,000.00 | $ - | $ - | $ - |
| Ending Cash Balance After Plan Payments | $ 702,816.00 | $ 693,386.00 | $ 680,856.00 | $ 1,059,176.00 | $ 790,746.00 | $ 789,316.00 | $ 787,886.00 | $ 786,456.00 |

Exhibit C
Page 8 of 11
Case 17-34395-pcm11    Doc 116    Filed 05/11/18

| | November-23 | December-23 | January-24 | February-24 | March-24 | April-24 | May-24 | June-24 | July-24 |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 786,456.00 | $ 781,926.00 | $ 1,115,246.00 | $ 911,816.00 | $ 897,286.00 | $ 885,856.00 | $ 876,426.00 | $ 863,896.00 | $ 1,242,216.00 |
| **Cash Inflows** | | | | | | | | | |
| Operating Loan | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 |
| Custom Feed Revenue | $ - | $ 200,000.00 | $ - | $ - | $ - | $ - | $ - | $ 200,000.00 | $ - |
| Cattle Sales Revenue | $ - | $ 440,000.00 | $ - | $ - | $ - | $ - | $ - | $ 440,000.00 | $ - |
| Lease Payments | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 45,000.00 | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 641,500.00 | $ 301,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 686,500.00 | $ 301,500.00 |
| **Business Expenses** | | | | | | | | | |
| Property Taxes | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - | $ - |
| Livestock Purchases | $ - | $ - | $ 300,000.00 | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 |
| Feed Supplies / Seed | $ - | $ - | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 8,000.00 | $ 8,000.00 | $ - | $ - |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 6,030.00 | $ 2,930.00 | $ 312,930.00 | $ 16,030.00 | $ 12,930.00 | $ 10,930.00 | $ 14,030.00 | $ 2,930.00 | $ 302,930.00 |
| Subtotal: Cash After Expenses | $ 781,926.00 | $ 1,420,496.00 | $ 1,103,816.00 | $ 897,286.00 | $ 885,856.00 | $ 876,426.00 | $ 863,896.00 | $ 1,547,466.00 | $ 1,240,786.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ 305,250.00 | $ - | $ - | $ - | $ - | $ - | $ 305,250.00 | $ - |
| Net Cash Remaining | $ 781,926.00 | $ 1,115,246.00 | $ 1,103,816.00 | $ 897,286.00 | $ 885,856.00 | $ 876,426.00 | $ 863,896.00 | $ 1,242,216.00 | $ 1,240,786.00 |
| **Plan Payments** | | | | | | | | | |
| Cash Available for Debt Service | $ 781,926.00 | $ 1,115,246.00 | $ 1,103,816.00 | $ 897,286.00 | $ 885,856.00 | $ 876,426.00 | $ 863,896.00 | $ 1,242,216.00 | $ 1,240,786.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 75,000.00 |
| Total Payments | $ - | $ - | $ 192,000.00 | $ - | $ - | $ - | $ - | $ - | $ 267,000.00 |
| Ending Cash Balance After Plan Payments | $ 781,926.00 | $ 1,115,246.00 | $ 911,816.00 | $ 897,286.00 | $ 885,856.00 | $ 876,426.00 | $ 863,896.00 | $ 1,242,216.00 | $ 973,786.00 |

Exhibit C
Page 9 of 11

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

| | August-24 | September-24 | October-24 | November-24 | December-24 | January-25 | February-25 | March-25 |
|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 973,786.00 | $ 972,356.00 | $ 970,926.00 | $ 969,496.00 | $ 964,966.00 | $ 1,298,286.00 | $ 1,094,856.00 | $ 1,080,326.00 |
| **Cash Inflows** | | | | | | | | |
| Operating Loan | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - |
| Custom Feed Revenue | $ - | $ - | $ - | $ - | $ 200,000.00 | $ - | $ - | $ - |
| Cattle Sales Revenue | $ - | $ - | $ - | $ - | $ 440,000.00 | $ - | $ - | $ - |
| Lease Payments | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 641,500.00 | $ 301,500.00 | $ 1,500.00 | $ 1,500.00 |
| **Business Expenses** | | | | | | | | |
| Property Taxes | $ - | $ - | $ - | $ 3,100.00 | $ - | $ - | $ 3,100.00 | $ - |
| Livestock Purchases | $ - | $ - | $ - | $ - | $ - | $ 300,000.00 | $ - | $ - |
| Feed Supplies / Seed | $ - | $ - | $ - | $ - | $ - | $ 10,000.00 | $ 10,000.00 | 10,000.00 |
| Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Expenses | $ 2,930.00 | $ 2,930.00 | $ 2,930.00 | $ 6,030.00 | $ 2,930.00 | $ 312,930.00 | $ 16,030.00 | $ 12,930.00 |
| Subtotal: Cash After Expenses | $ 972,356.00 | $ 970,926.00 | $ 969,496.00 | $ 964,966.00 | $ 1,603,536.00 | $ 1,286,856.00 | $ 1,080,326.00 | $ 1,068,896.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ - | $ - | $ 305,250.00 | $ - | $ - | $ - |
| Net Cash Remaining | $ 972,356.00 | $ 970,926.00 | $ 969,496.00 | $ 964,966.00 | $ 1,298,286.00 | $ 1,286,856.00 | $ 1,080,326.00 | $ 1,068,896.00 |
| **Plan Payments** | | | | | | | | |
| Cash Available for Debt Service | $ 972,356.00 | $ 970,926.00 | $ 969,496.00 | $ 964,966.00 | $ 1,298,286.00 | $ 1,286,856.00 | $ 1,080,326.00 | $ 1,068,896.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| *** Attorney Fees - Katers | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Priority - IRS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - | $ - |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Payments | $ - | $ - | $ - | $ - | $ - | $ 192,000.00 | $ - | $ - |
| Ending Cash Balance After Plan Payments | $ 972,356.00 | $ 970,926.00 | $ 969,496.00 | $ 964,966.00 | $ 1,298,286.00 | $ 1,094,856.00 | $ 1,080,326.00 | $ 1,068,896.00 |

Exhibit C
Page 10 of 11

Case 17-34395-pcm11    Doc 116    Filed 05/11/18

**In re: Mark E. Delong**
**Case No. 17-34395-pcm11**

| | April-25 | May-25 | June-25 | July-25 |
|---|---|---|---|---|
| Beginning Cash | $ 1,068,896.00 | $ 1,059,466.00 | $ 1,046,936.00 | $ 1,425,256.00 |
| **Cash Inflows** | | | | |
| Operating Loan | $ - | $ - | $ - | $ 300,000.00 |
| Custom Feed Revenue | $ - | $ - | $ 200,000.00 | $ - |
| Cattle Sales Revenue | $ - | $ - | $ 440,000.00 | $ - |
| Lease Payments | $ - | $ - | $ 45,000.00 | $ - |
| Commission Work | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 |
| Total Inflows: | $ 1,500.00 | $ 1,500.00 | $ 686,500.00 | $ 301,500.00 |
| **Business Expenses** | | | | |
| Property Taxes | $ - | $ 3,100.00 | $ - | $ - |
| Livestock Purchases | $ - | $ - | $ - | $ 300,000.00 |
| Feed Supplies / Seed | $ 8,000.00 | $ 8,000.00 | $ - | $ - |
| Insurance | $ - | $ - | $ - | $ - |
| Repair & Maintenance | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Fuel, Supplies and Small Tools | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Telephone | $ 130.00 | $ 130.00 | $ 130.00 | $ 130.00 |
| Utilities | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 |
| US Trustee Fees | $ - | $ - | $ - | $ - |
| Total Expenses | $ 10,930.00 | $ 14,030.00 | $ 2,930.00 | $ 302,930.00 |
| Subtotal: Cash After Expenses | $ 1,059,466.00 | $ 1,046,936.00 | $ 1,730,506.00 | $ 1,423,826.00 |
| Operating Loan Repayment (w/ Interest) | $ - | $ - | $ 305,250.00 | $ - |
| Net Cash Remaining | $ 1,059,466.00 | $ 1,046,936.00 | $ 1,425,256.00 | $ 1,423,826.00 |

**Plan Payments**

| | April-25 | May-25 | June-25 | July-25 |
|---|---|---|---|---|
| Cash Available for Debt Service | $ 1,059,466.00 | $ 1,046,936.00 | $ 1,425,256.00 | $ 1,423,826.00 |
| *** Attorney Fees - M&B | $ - | $ - | $ - | |
| *** Attorney Fees - Katers | $ - | $ - | $ - | |
| Priority - IRS | $ - | $ - | $ - | $ - |
| Class 1: Secured - Malheur County | $ - | $ - | $ - | |
| Class 2: Secured - Bank of Eastern Oregon | $ - | $ - | $ - | $ 192,000.00 |
| Class 3: Secured - Deere & Company | $ - | $ - | $ - | |
| Class 4: Secured - Northwest Farm Credit Services | $ - | $ - | $ - | - |
| Class 5: Secured - AB Livestock, LLC | $ - | $ - | $ - | |
| Class 6: General Unsecured Claims | $ - | $ - | $ - | $ 75,000.00 |
| Total Payments | $ - | $ - | $ - | $ 267,000.00 |
| Ending Cash Balance After Plan Payments | $ 1,059,466.00 | $ 1,046,936.00 | $ 1,425,256.00 | $ 1,156,826.00 |

**Exhibit C**
**Page 11 of 11**
Case 17-34395-pcm11    Doc 116    Filed 05/11/18