Nicholas J. Henderson, OSB#074027
nhenderson@portlaw.com
Troy G. Sexton, OSB#115184
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528
nhenderson@portlaw.com

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MARK DELONG,<br><br>Debtor. | Case No. 17-34395-pcm11<br><br>DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED ~~JULY 31~~AUGUST 24, 2018) |

## ARTICLE I.
## PLAN SUMMARY

This First Amended Plan of Reorganization dated July 31, 2018 (the "Plan") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") proposes to pay creditors of Mark Delong (the "Debtor") in bi-annual installments after confirmation. The Debtor's payments will be made from future operation of the Debtor's business, from Debtor's receipt of rent from a solar farm to be installed in one of the Debtor's properties, and from the receipt of rent from a tenant using the Debtor's real property.

This Plan provides for five classes of secured claims, ~~one class~~two classes of unsecured claims, and the Debtor himself, as the interest holder. General unsecured creditors (Class 7) holding allowed claims will receive approximately 10% of their claim without interest as further described in the Plan. The Plan also provides for the payment of administrative claims. The Debtor will retain possession of all his assets except as otherwise provided in the Plan.

Page 1 – FIRST AMENDED PLAN OF REORGANIZATION
(DATED ~~JULY 31~~AUGUST 24, 2018)
{00187785:23}

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

All creditors and interest holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity holders will be circulated. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one (if you do not have one, you may wish to consult one).**

**NOTE: The Plan proposes that the lien of AB Livestock, LLC is secured only by non-irrigation equipment owned by the Debtor, as described in Section 3.1.5 below. AB Livestock, LLC's asserted lien against all other property is unsecured by virtue of the fact that all such property is encumbered by Bank of Eastern Oregon's senior lien.**

**NOTE: The Plan proposes that Bank of Eastern Oregon shall retain its lien only against the Debtor's real property and irrigation equipment. As further described in Section 5.02, Bank of Eastern Oregon shall release its lien against Debtor's other property.**

### ARTICLE II.
### DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of §§ 1125 and 1126 of the Bankruptcy Code, and Bankruptcy Rule 3016(c). Prior to mailing the Plan to Creditors for voting, the Court will have considered and approved the Disclosure Statement. The Disclosure Statement provides useful information to assist Creditors in voting on the Plan. A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

### ARTICLE III.
### CLASSIFICATION OF CLAIMS

**3.1. Secured Creditors.**

**3.1.1. Class 1 - Malheur County (Property Taxes)**

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Class 1 consists of the allowed secured claim of Malheur County for unpaid real property taxes assessed upon the Debtor's real property located within Malheur County, Oregon, having an unpaid balance of $26,427.34.

### 3.1.2.  Class 2 - Bank of Eastern Oregon

Class 2 consists of the disputed secured claim of Bank of Eastern Oregon, in the amount of $4,662,920.50.  The Class 2 claim is evidenced by the following documents (collectively, the "BEO Loan Documents"):

- Three promissory notes with loan numbers ending with 8512, 8579 and 8546;

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon, as Instrument No. 2013-5383.

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon, as Instrument No. 2013-5384.

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon ,as Instrument No. 2013-5385.

- A deed of trust recorded on November 10, 2004 in the records of Malheur County, Oregon, as Instrument No. 2004-7992.

- Agricultural security agreements under which Debtor is grantor and Bank of Eastern Oregon is the lender

Some of the BEO Loan Documents have been modified, and the Debtor also executed forbearance agreements with the Bank of Eastern Oregon, which purported to modify the terms of the BEO Loan Documents.

### 3.1.3.  Class 3 – Deere & Company dba John Deere Financial

Class 3 consists of the allowed secured claim of Deere & Company dba John Deere Financial, secured by John Deere equipment, as set forth in the Loan Contract – Security Agreement dated September 30, 2013.

/ / / / /

Page 3 – FIRST AMENDED PLAN OF REORGANIZATION
(DATED JULY 31AUGUST 24, 2018)
{00187785:23}

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

### 3.1.4. Class 4 – Northwest Farm Credit Services, FLCA

Class 4 consists of the allowed secured claim of Northwest Farm Credit Services, FLCA, as evidenced by that deed of trust recorded on December 27, 2005, in the records of Malheur County, Oregon, as Instrument No. 2005-9499.

### 3.1.5. Class 5 – AB Livestock, LLC

Class 5 consists of the secured claim of AB Livestock, LLC, allowed in the amount of $56,864, secured by a junior lien (subordinate to Deere & Company) in the Debtor's John Deere 4440 Tractor and John Deere Chopper w/ Hay and Corn Head.

## 3.2. Unsecured Creditors

### 3.2.1. Class 6 – Producers Livestock Marketing Association

Class 6 consists of the non-dischargeable unsecured claim of Producers Livestock Marketing Association.

### 3.2.2. Class 7 – General Unsecured Creditors

Class 7 consists of all creditors holding allowed general non-priority unsecured claims.

## 3.3. Interests

### 3.3.1. Class 8 – Interests of the Debtor.

Class 7 consists of the Debtor's interest in the property of the estate.

**ARTICLE IV.**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**PRIORITY TAX CLAIMS AND U.S. TRUSTEE'S FEES**

**4.01    Unclassified Claims.**  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

**4.02    Administrative Expense Claims.**  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder

Page 4 – FIRST AMENDED PLAN OF REORGANIZATION
(DATED ~~JULY 31~~AUGUST 24, 2018)

{00187785:23}

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

of the claim and the Debtor.

**4.03    Priority Tax Claims.**  The Debtor will pay all holders of priority tax claims the full amount of their claims, together with interest beginning from the Effective Date at the rate determined pursuant to 11 USC § 511. Claims will be paid in four equal bi-annual installments, plus interest, commencing on January 15, 2019, and continuing on July 15th and January 15th of each year thereafter until paid in full.  The Debtor may prepay all or any portion of such priority tax claims.

**4.04    United States Trustee Fees.**  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE V.
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

The categories of claims and equity interests listed below classify claims and equity interests for all purposes, including voting, confirmation, and distribution (if any) pursuant to the Plan and pursuant to Sections 1122 and 1123(a)(1) of the Bankruptcy Code. A claim or equity interest shall be deemed classified in a particular class only to the extent that the claim or equity interest qualifies within the description of that class and shall be deemed classified in a different class to the extent that any remainder of such claim or equity Interest qualifies within the description of such different class. A claim or equity interest is in a particular class only to the extent that such claim or equity interest is allowed in that class and has not been paid or otherwise settled prior to the Effective Date.

Secured Creditors will retain their liens until paid in full, unless specifically provided otherwise in the Plan. Secured Creditors shall have the option of submitting new security agreements to Debtor consistent with the provisions of the Plan for execution by Debtor. The Debtor agrees to sign such documents upon presentation.

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim. Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived. A Claim for a deficiency shall be filed with the Court and served upon the Debtor and Debtor's counsel. Unless the Debtor objects to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed. Each creditor's lien is secured against the Property and they are listed in priority order, starting with the most senior creditor.

### 5.1 Class 1 – Secured Claim of Malheur County

The Class 1 claim of Malheur County is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 16% per annum, in one lump-sum on or before ~~January 31~~May 15, 2019. Until the Class 1 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien(s) had as of the Petition Date.

### 5.2 Class 2 – Secured Claim of Bank of Eastern Oregon

The Class 2 claim of Bank of Eastern Oregon is impaired. The ~~disputed~~ Class 2 claim. ~~If~~ is allowed~~, shall be paid as follows:~~ in the ~~secured claim~~ amount of $4,662,920.50, and will be paid with interest that is fixed at ~~5.75% per annum. If~~ the ~~Class 2 claim is allowed,~~prime rate as of the Effective Date. The BEO Loan Documents shall remain in full force and effect following confirmation, except for the following modifications:

a) All defaults existing with respect to the BEO Loan Documents shall be deemed cured on the Effective Date;
b) The Class 2 claim shall accrue interest at ~~5.75% per year from~~the prime rate that is in effect on the Effective Date, which shall be fixed at such rate until the Class 2 Claim is paid.
c) ~~The Class 2 claim shall be amortized over twenty years from the Effective Date.~~

c) Debtor will pay the Class 2 claim ~~in equal bi-annual payments of $192,000 each, commencing on January 15~~as follows:

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

d)1)     On or before May 17, 2019, and continuing on July 15th and January 15th of each year thereafter until paid.:                    $200,000

e)   The maturity date of the Class 2 claim shall be extended to July 25, 2025;

2)   On or before November 17, 2019:        $200,000
3)   On or before May 17, 2020:              $250,000
4)   On or before November 17, 2020:        $250,000
5)   On or before May 17, 2021:              $300,000
6)   On or before November 17, 2021:        $350,000
7)   On or before May 17, 2022:              $350,000
8)   On or before November 17, 2022:        $350,000
9)   On or before May 17, 2023:              $350,000
10) On or before November 17, 2023:        Remaining balance.

f)d)Debtor may pre-pay the Class 2 claim at any time, without penalty.  Any partial pre-payments made during the plan shall be applied to the next payment due.

e)   The maturity date of the Class 2 claim shall be modified to November 17, 2023.

**Bank of Eastern Oregon shall retain its liens only with respect to the Debtor's real property, and in the Debtor's pivots, wheel lines, mainline pumps and other irrigation equipment.  Bank of Eastern Oregon's liens as to all other property shall be released as of the Effective Date.  Within 30 days of the Effective Date, Bank of Eastern Oregon shall amend its financing statements to limit its claim security interest to irrigation equipment.**

### 5.3     Class 3 – Deere & Company

The Class 3 claim of Deere & Company is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 3.4% per annum, in one lump-sum on or before JulyNovember 31, 2019.  Until the Class 3 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date.

### 5.4     Class 4 – Northwest Farm Credit Services

The Class 4 claim of Northwest Farm Credit Services is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 5.25% per annum, in one lump-sum on or before JulyNovember 31, 2019.  Until the Class 4 claim is fully paid, the claim will continue to

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date.

### 5.5 Class 5 – AB Livestock, LLC

The Class 5 claim of Northwest Farm Credit Services is impaired. The Class 5 claim shall be allowed as a secured claim in the amount of $56,864. The Class 5 claim shall be paid in full, with interest at 5.25% per annum, paid in equal bi-annual installments of $25,000 commencing on ~~July~~November 31, 2019, with like payments due on the last day of the calendar month every six months thereafter, until paid in full.

**Until the Class 5 claim is fully paid, the claim will continue to be secured by a second-priority lien against Debtor's John Deere 4440 Tractor, and Debtor's John Deere Chopper w/ Hay and Corn Head. The Class 5 claim is wholly unsecured as to all other property owned by the Debtor.**

**Within 30 days from the Effective Date, AB Livestock, LLC shall release its security interest in all other property owned by the Debtor, and shall amend its financing statement to show that its security interest is limited to the Debtor's John Deere 4440 Tractor, and the John Deere Chopper w/ Hay and Corn Head.**

### 5.6 Class 6 – Producers Livestock Marketing Association

The Class 6 claim of Producers Livestock Marketing Association is impaired. The Class 6 claim shall be allowed and paid in full over a five-year period, with interest at prime plus 2%, paid in semi-annual installments beginning May 31, 2019.

### 5.7 Class 7 – General Unsecured Claims

The Class 7 claims are impaired. Debtor will pay to each holder of an allowed Class 7 claim, in cash, such holder's pro-rata share of $~~425~~322,000, which shall be paid by the Debtor ~~within seven (7) years after the Effective Date.~~on or before November 30, 2023. Payments to Class 7 claims shall be made semi-annually. ~~The~~ in the amount of $45,000, with the first semi-annual payment ~~will be~~due two years after the Effective Date. Subsequent payments will be due

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

on the ~~same date each year~~last day of the calendar month every six months thereafter, with the final payment due no later than the ~~seventh~~fifth anniversary of the Effective Date.

~~Annual Payments will be no less than the following:~~

| | |
|---|---|
| ~~Year 1:~~ | ~~$0.00~~ |
| ~~Year 2:~~ | ~~$50,000~~ |
| ~~Year 3:~~ | ~~$75,000~~ |
| ~~Year 4:~~ | ~~$75,000~~ |
| ~~Year 5:~~ | ~~$75,000~~ |
| ~~Year 6:~~ | ~~$75,000~~ |
| ~~Year 7:~~ | ~~$75,000~~ |

### 5.7    Class 7 – The Debtor

The Class 7 Debtor shall retain his interests in all of his assets.

## ARTICLE VI.
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**6.01    Disputed Claim.**  A Disputed Claim means a Claim against the Debtor, to the extent that a proof of Claim has been timely filed or deemed timely filed under applicable law, as to which an objection has been or may be timely filed by the Debtor, or any other party in interest, and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Bankruptcy Court, and has not been denied by a final order. To the extent an objection relates to the allowance of only a part of a claim, such claim will be a disputed claim only to the extent of the objection. Before an objection has, been or may be timely filed, for the purposes of this Plan, a claim will be considered a Disputed Claim to the extent that the amount of the Claim specified in the proof of Claim exceeds the amount of the Claim scheduled by the debtor in possession as other than disputed, contingent, or unliquidated.

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**6.02    Distributions Relating to Disputed Claims**. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.  The amount of cash not distributed as a result of the preceding sentence shall be placed in reserves for the benefit of holders of such Disputed Claims.

The amount placed in reserves for the benefit of holders of such Disputed Claims shall be held by the Debtor in a separate segregated account, one for each Disputed Claim. Interest generated on such accounts shall be held in the account, pending distribution as outlined below. At such time as all or any portion of a Disputed Claim becomes an Allowed Claim, the distributions reserved for such Disputed Claim or such portion, together with the actual interest earned on account of such funds shall be released from the appropriate Distribution Reserve Account and delivered to the holder of such Allowed Claim within 30 days. In no event shall a Disputed Claim, which becomes an Allowed Claim, receive a distribution in excess of the amount originally reserved for such Claim. At such time as all or any portion of any Disputed Claim is determined not to be an Allowed Claim, the distribution reserved for such Disputed Claim, or such portion, plus any earnings therein, shall be released from the appropriate Distribution Reserve Account to be distributed pursuant to the remaining provisions of the Plan.

**6.03    Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE VII.**
**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**7.1**    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date:

**7.1.1**    Farm lease with the Hill Family;

**7.2**    Unless otherwise agreed by the parties to an assumed contract or lease, any defaults will be cured on the Effective Date of the Plan.

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**7.3** Remaining All executory contracts and leases not otherwise assumed are deemed rejected as of the Effective Date.

## ARTICLE VIII.
## MEANS FOR IMPLEMENTATION OF THE PLAN

**8.1 Termination of Debtor-In-Possession**. On the Effective Date of the Plan, the Debtor's status as Debtor-In-Possession shall terminate, and the Debtor shall operate his business affairs and shall not be precluded from engaging in any lawful business activities.

**8.2 Re-vesting**. On the Effective Date, all property of the estate shall be vested in the Debtor, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming the Plan, except for liens upon property securing Claims classified as secured claims in the Plan. The property of the Debtor and/or the property of the bankruptcy estate which will vest in the Debtor on the Effective Date includes but is not limited to their respective tax attributes, including but not limited to ordinary loss carry forwards and capital loss carry forwards as defined and allowed under federal and state tax law that the Debtor or the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

**8.3 Pattie Baker Lease.** The Debtor is currently entitled to receive payment for property taxes, utilities and certain expenses related to his real property. Upon the Effective Date, the Debtor and Pattie Baker shall enter into a new lease, by which the Debtor will receive cash payments of $55,000 per year.

**8.4 Business Operations**. The Debtor will restart business operations as a cattle farmer, and will continue additional business operations, as set forth below.

**8.4.1 Cattle Sales.** The Debtor will obtain financing to restart his cattle farming business. The Debtor will enter into a feeding, grazing and borrowing agreement with Producers Livestock Marketing Association ("PLMA") which will provide the Debtor with $1,000,000 of available credit to restart his cattle operations. This will enable the Debtor to feed approximately 1200 head of cattle in August and September of 2018. The PMLA grazing/feeding program loan

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

will be secured by cattle purchased with the loan proceeds, and the loan is expected to bear interest at prime plus 2% per annum. The Debtor will feed the cattle purchased for approximately 150 days, at which time the Debtor will sell the cattle, repay PMLA, and retain a profit necessary for continued business operations, plan payments, and living expenses. The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit 3C**.

       8.4.2   **Custom Feeding.** In addition to purchasing, feeding and selling cattle, the Debtor will also resume custom feeding operations for other cattle owners. The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit 3C**.

       8.4.3   **Commission Work**. In addition to Cattle Sales and Custom Feeding, the Debtor will continue providing services to other cattle operations, by purchasing cattle on commission. The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit 3C**.

     **8.7**   **Solar Farm**. The Debtor will enter into a solar farm lease by which he will lease, on an annual basis, approximately 150 acres of land for approximately $750 to $800 per acre. The lessee shall also pay all property taxes for the land leased.

     **8.8**   **Retention of Avoidance Claims**. Avoidance Claims, if any, are retained by the Debtor. Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment.

     **8.9**   **Retention of Third-Party Claims**. All third-party claims held by the Debtor, to the extent they exist, are preserved. The Debtor, with notice, may abandon third-party claims at any time.

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**8.10    DIP Account**. On the Effective Date, the money held in the Debtor's debtor-in-possession account shall revest in the Debtor free of liens to fund the Debtor's obligations under the Plan.

**8.11    Prepayment**. The Debtor may prepay any amounts due to any Creditor or Class of Creditors prior to the due dates set in the Plan without penalty, prior notice or Court approval.

**8.12    No Attorney Fees**. No attorney's fees shall be paid with respect to any Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

**8.13    No Interest**. Except as expressly stated in the Plan or otherwise allowed by the Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtor shall be entitled to offset distributions to any Creditor who has received payment for post-petition interest, penalties or late charges not approved by the Court.

## ARTICLE IX.
## GENERAL PROVISIONS

**9.1    Definitions and Rules of Construction.**  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**9.2    Effective Date of the Plan.** The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**9.3    Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**9.4    Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**9.5     Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**9.6     Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE X.**
**DISCHARGE**

**10.1     Discharge.** Debtor will receive a discharge of his debts upon completion of all payments to be made under the Plan pursuant to 11 U.S.C. §1141(d)(5), subject to any applicable exceptions to discharge, if any are sustained by the Court, under 11 U.S.C. §1141(d)(6).

After confirmation, but before completion of all payments under the Plan, Debtor shall have the right to request, on notice to the appropriate parties, that Debtor's case be closed subject to reopening without payment of a re-opening fee or filing fee, for the limited purpose of entry of discharge.

Debtor shall be entitled to entry of discharge under 11 U.S.C. §1141 upon completion of the payments to all classes of Creditors in this Plan without regard to the date of completion of such payments. Specifically, Debtor will be entitled to entry of discharge prior to the expiration of seven years from the Effective Date should Debtor complete the payments provided for in this Plan in less than seven years.

**ARTICLE X**
**OTHER PROVISIONS**

**10.1**     All administrative expenses shall be paid on the effective date of the Plan, or as otherwise agreed by the parties.

**10.2**     The Debtor shall act as his own disbursing agent for payments under the Plan.

**10.3**     Creditors may not take any actions (including, without limitation, lawsuits or other legal actions, levies, attachments, or garnishments) to enforce or collect either pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in

Page 14 – FIRST AMENDED PLAN OF REORGANIZATION
(DATED JULY 31AUGUST 24, 2018)
{00187785:23}

Motschenbacher & Blattner, LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

material default under the Plan. Provided that the Debtor does not materially default under the Plan, creditors shall be prohibited from taking any enforcement or collection actions of any kind against the Debtor or any third party-obligor.

10.4    Unless otherwise specified, the following default provisions apply to all creditors: If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than ~~fifteen (15~~ten (10) days after the time specified in the Plan, the affected creditor may serve upon the Debtor a written notice of default. The Debtor is in material default under the Plan if the Debtor fails, within ten days (~~15~~10) days of the service of such notice of default (plus 3 days for mailing) to either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

10.5    The Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to 11 U.S.C. §1129(b).

10.6    The Bankruptcy Court shall retain jurisdiction of this case until all Plan payments have been made.

10.7    Any notices, requests, and demands required or permitted to be provided under the Plan, in order to be effective, shall be in writing (including, without express or implied limitation, by facsimile transmission), and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made within actually delivered or, in the case of notice by fax transmission, when received and confirmed, addressed as follows:

> Mark E. Delong
> c/o Nicholas J. Henderson
> Motschenbacher & Blattner, LLP
> 117 SW Taylor Street, Suite 300
> Portland, OR 97204

10.8    The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

**10.9**     The Debtor shall execute, deliver, file or record such contracts, instruments, assignments and other agreements or documents, and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**10.10**     The date by which the Debtors or any interested party must file objections to Claims, shall be the first Business Day after 120 days after the Effective Date. Objections to claims not filed by the Claims Objection Bar Date shall be deemed waived.

Dated ~~July 31~~August 24, 2018

Respectfully Submitted,

/s/ Mark E. Delong
Mark E. Delong

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

Motschenbacher & Blattner. LLP
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Nicholas J. Henderson, OSB#074027
nhenderson@portlaw.com
Troy G. Sexton, OSB#115184
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528
nhenderson@portlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re:

MARK DELONG,

Debtor.

Case No. 17-34395-pcm11

DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION
(DATED AUGUST 24, 2018)

## ARTICLE I.
## PLAN SUMMARY

This First Amended Plan of Reorganization dated July 31, 2018 (the "Plan") under

Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") proposes

to pay creditors of Mark Delong (the "Debtor") in bi-annual installments after confirmation. The

Debtor's payments will be made from future operation of the Debtor's business, from Debtor's

receipt of rent from a solar farm to be installed in one of the Debtor's properties, and from the

receipt of rent from a tenant using the Debtor's real property.

This Plan provides for five classes of secured claims, two classes of unsecured claims,

and the Debtor himself, as the interest holder. General unsecured creditors (Class 7) holding

allowed claims will receive approximately 10% of their claim without interest as further

described in the Plan. The Plan also provides for the payment of administrative claims. The

Debtor will retain possession of all his assets except as otherwise provided in the Plan.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

All creditors and interest holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity holders will be circulated. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one (if you do not have one, you may wish to consult one).**

**NOTE: The Plan proposes that the lien of AB Livestock, LLC is secured only by non-irrigation equipment owned by the Debtor, as described in Section 3.1.5 below. AB Livestock, LLC's asserted lien against all other property is unsecured by virtue of the fact that all such property is encumbered by Bank of Eastern Oregon's senior lien.**

**NOTE: The Plan proposes that Bank of Eastern Oregon shall retain its lien only against the Debtor's real property and irrigation equipment. As further described in Section 5.02, Bank of Eastern Oregon shall release its lien against Debtor's other property.**

## ARTICLE II.
## DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of §§ 1125 and 1126 of the Bankruptcy Code, and Bankruptcy Rule 3016(c). Prior to mailing the Plan to Creditors for voting, the Court will have considered and approved the Disclosure Statement. The Disclosure Statement provides useful information to assist Creditors in voting on the Plan. A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS

**3.1. Secured Creditors.**

**3.1.1.   Class 1 - Malheur County (Property Taxes)**

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Class 1 consists of the allowed secured claim of Malheur County for unpaid real property taxes assessed upon the Debtor's real property located within Malheur County, Oregon, having an unpaid balance of $26,427.34.

### 3.1.2. Class 2 - Bank of Eastern Oregon

Class 2 consists of the disputed secured claim of Bank of Eastern Oregon, in the amount of $4,662,920.50. The Class 2 claim is evidenced by the following documents (collectively, the "BEO Loan Documents"):

- Three promissory notes with loan numbers ending with 8512, 8579 and 8546;

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon, as Instrument No. 2013-5383.

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon, as Instrument No. 2013-5384.

- A deed of trust recorded on December 31, 2013 in the records of Malheur County, Oregon ,as Instrument No. 2013-5385.

- A deed of trust recorded on November 10, 2004 in the records of Malheur County, Oregon, as Instrument No. 2004-7992.

- Agricultural security agreements under which Debtor is grantor and Bank of Eastern Oregon is the lender

Some of the BEO Loan Documents have been modified, and the Debtor also executed forbearance agreements with the Bank of Eastern Oregon, which purported to modify the terms of the BEO Loan Documents.

### 3.1.3. Class 3 – Deere & Company dba John Deere Financial

Class 3 consists of the allowed secured claim of Deere & Company dba John Deere Financial, secured by John Deere equipment, as set forth in the Loan Contract – Security Agreement dated September 30, 2013.

/ / / / /

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

### 3.1.4.  Class 4 – Northwest Farm Credit Services, FLCA

Class 4 consists of the allowed secured claim of Northwest Farm Credit Services, FLCA, as evidenced by that deed of trust recorded on December 27, 2005, in the records of Malheur County, Oregon, as Instrument No. 2005-9499.

### 3.1.5.  Class 5 – AB Livestock, LLC

Class 5 consists of the secured claim of AB Livestock, LLC, allowed in the amount of $56,864, secured by a junior lien (subordinate to Deere & Company) in the Debtor's John Deere 4440 Tractor and John Deere Chopper w/ Hay and Corn Head.

## 3.2. Unsecured Creditors

### 3.2.1.  Class 6 – Producers Livestock Marketing Association

Class 6 consists of the non-dischargeable unsecured claim of Producers Livestock Marketing Association.

### 3.2.2.  Class 7 – General Unsecured Creditors

Class 7 consists of all creditors holding allowed general non-priority unsecured claims.

## 3.3. Interests

### 3.3.1.  Class 8 – Interests of the Debtor.

Class 7 consists of the Debtor's interest in the property of the estate.

### ARTICLE IV.
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
### PRIORITY TAX CLAIMS AND U.S. TRUSTEE'S FEES

**4.01    Unclassified Claims.**  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

**4.02    Administrative Expense Claims.**  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

of the claim and the Debtor.

**4.03** **Priority Tax Claims.** The Debtor will pay all holders of priority tax claims the full amount of their claims, together with interest beginning from the Effective Date at the rate determined pursuant to 11 USC § 511. Claims will be paid in four equal bi-annual installments, plus interest, commencing on January 15, 2019, and continuing on July 15th and January 15th of each year thereafter until paid in full. The Debtor may prepay all or any portion of such priority tax claims.

**4.04** **United States Trustee Fees.** All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE V.
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

The categories of claims and equity interests listed below classify claims and equity interests for all purposes, including voting, confirmation, and distribution (if any) pursuant to the Plan and pursuant to Sections 1122 and 1123(a)(1) of the Bankruptcy Code. A claim or equity interest shall be deemed classified in a particular class only to the extent that the claim or equity interest qualifies within the description of that class and shall be deemed classified in a different class to the extent that any remainder of such claim or equity Interest qualifies within the description of such different class. A claim or equity interest is in a particular class only to the extent that such claim or equity interest is allowed in that class and has not been paid or otherwise settled prior to the Effective Date.

Secured Creditors will retain their liens until paid in full, unless specifically provided otherwise in the Plan. Secured Creditors shall have the option of submitting new security agreements to Debtor consistent with the provisions of the Plan for execution by Debtor. The Debtor agrees to sign such documents upon presentation.

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim. Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived. A Claim for a deficiency shall be filed with the Court and served upon the Debtor and Debtor's counsel. Unless the Debtor objects to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed. Each creditor's lien is secured against the Property and they are listed in priority order, starting with the most senior creditor.

### 5.1     Class 1 – Secured Claim of Malheur County

The Class 1 claim of Malheur County is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 16% per annum, in one lump-sum on or before May 15, 2019.  Until the Class 1 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien(s) had as of the Petition Date.

### 5.2     Class 2 – Secured Claim of Bank of Eastern Oregon

The Class 2 claim of Bank of Eastern Oregon is impaired.  The Class 2 claim is allowed in the amount of $4,662,920.50, and will be paid with interest that is fixed at the prime rate as of the Effective Date.  The BEO Loan Documents shall remain in full force and effect following confirmation, except for the following modifications:

a) All defaults existing with respect to the BEO Loan Documents shall be deemed cured on the Effective Date;
b) The Class 2 claim shall accrue interest at the prime rate that is in effect on the Effective Date, which shall be fixed at such rate until the Class 2 Claim is paid.

c) Debtor will pay the Class 2 claim as follows:

| | | |
|---|---|---|
| 1) | On or before May 17, 2019: | $200,000 |
| 2) | On or before November 17, 2019: | $200,000 |
| 3) | On or before May 17, 2020: | $250,000 |
| 4) | On or before November 17, 2020: | $250,000 |
| 5) | On or before May 17, 2021: | $300,000 |
| 6) | On or before November 17, 2021: | $350,000 |

Page 6 – FIRST AMENDED PLAN OF REORGANIZATION (DATED AUGUST 24, 2018) {00187785:3}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

    7)  On or before May 17, 2022:        $350,000
    8)  On or before November 17, 2022:  $350,000
    9)  On or before May 17, 2023:        $350,000
   10) On or before November 17, 2023:  Remaining balance.

d)  Debtor may pre-pay the Class 2 claim at any time, without penalty.  Any partial pre-payments made during the plan shall be applied to the next payment due.

e)  The maturity date of the Class 2 claim shall be modified to November 17, 2023.

**Bank of Eastern Oregon shall retain its liens only with respect to the Debtor's real property, and in the Debtor's pivots, wheel lines, mainline pumps and other irrigation equipment.  Bank of Eastern Oregon's liens as to all other property shall be released as of the Effective Date.  Within 30 days of the Effective Date, Bank of Eastern Oregon shall amend its financing statements to limit its claim security interest to irrigation equipment.**

### 5.3    Class 3 – Deere & Company

The Class 3 claim of Deere & Company is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 3.4% per annum, in one lump-sum on or before November 31, 2019.  Until the Class 3 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date.

### 5.4    Class 4 – Northwest Farm Credit Services

The Class 4 claim of Northwest Farm Credit Services is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 5.25% per annum, in one lump-sum on or before November 31, 2019.  Until the Class 4 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien had as of the Petition Date.

### 5.5    Class 5 – AB Livestock, LLC

The Class 5 claim of Northwest Farm Credit Services is impaired. The Class 5 claim shall be allowed as a secured claim in the amount of $56,864.  The Class 5 claim shall be paid in full, with interest at 5.25% per annum, paid in equal bi-annual installments of $25,000 commencing

Page 7 – FIRST AMENDED PLAN OF REORGANIZATION
(DATED AUGUST 24, 2018) {00187785:3}

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

Case 17-34395-pcm11   Doc 146   Filed 08/28/18

on November 31, 2019, with like payments due on the last day of the calendar month every six months thereafter, until paid in full.

**Until the Class 5 claim is fully paid, the claim will continue to be secured by a second-priority lien against Debtor's John Deere 4440 Tractor, and Debtor's John Deere Chopper w/ Hay and Corn Head. The Class 5 claim is wholly unsecured as to all other property owned by the Debtor.**

**Within 30 days from the Effective Date, AB Livestock, LLC shall release its security interest in all other property owned by the Debtor, and shall amend its financing statement to show that its security interest is limited to the Debtor's John Deere 4440 Tractor, and the John Deere Chopper w/ Hay and Corn Head.**

### 5.6    Class 6 – Producers Livestock Marketing Association

The Class 6 claim of Producers Livestock Marketing Association is impaired. The Class 6 claim shall be allowed and paid in full over a five-year period, with interest at prime plus 2%, paid in semi-annual installments beginning May 31, 2019.

### 5.7    Class 7 – General Unsecured Claims

The Class 7 claims are impaired. Debtor will pay to each holder of an allowed Class 7 claim, in cash, such holder's pro-rata share of $322,000, which shall be paid by the Debtor on or before November 30, 2023. Payments to Class 7 claims shall be made semi-annually in the amount of $45,000, with the first semi-annual payment due two years after the Effective Date. Subsequent payments will be due on the last day of the calendar month every six months thereafter, with the final payment due no later than the fifth anniversary of the Effective Date.

### 5.7    Class 7 – The Debtor

The Class 7 Debtor shall retain his interests in all of his assets.

### ARTICLE VI.
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

**6.01    Disputed Claim**. A Disputed Claim means a Claim against the Debtor, to the extent that a proof of Claim has been timely filed or deemed timely filed under applicable law, as

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

to which an objection has been or may be timely filed by the Debtor, or any other party in interest, and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Bankruptcy Court, and has not been denied by a final order. To the extent an objection relates to the allowance of only a part of a claim, such claim will be a disputed claim only to the extent of the objection. Before an objection has, been or may be timely filed, for the purposes of this Plan, a claim will be considered a Disputed Claim to the extent that the amount of the Claim specified in the proof of Claim exceeds the amount of the Claim scheduled by the debtor in possession as other than disputed, contingent, or unliquidated.

      **6.02    Distributions Relating to Disputed Claims**. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The amount of cash not distributed as a result of the preceding sentence shall be placed in reserves for the benefit of holders of such Disputed Claims.

      The amount placed in reserves for the benefit of holders of such Disputed Claims shall be held by the Debtor in a separate segregated account, one for each Disputed Claim. Interest generated on such accounts shall be held in the account, pending distribution as outlined below. At such time as all or any portion of a Disputed Claim becomes an Allowed Claim, the distributions reserved for such Disputed Claim or such portion, together with the actual interest earned on account of such funds shall be released from the appropriate Distribution Reserve Account and delivered to the holder of such Allowed Claim within 30 days. In no event shall a Disputed Claim, which becomes an Allowed Claim, receive a distribution in excess of the amount originally reserved for such Claim. At such time as all or any portion of any Disputed Claim is determined not to be an Allowed Claim, the distribution reserved for such Disputed Claim, or such portion, plus any earnings therein, shall be released from the appropriate Distribution Reserve Account to be distributed pursuant to the remaining provisions of the Plan.

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

**6.03     Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### ARTICLE VII.
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.1**     The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date:

**7.1.1**     Farm lease with the Hill Family;

**7.2**     Unless otherwise agreed by the parties to an assumed contract or lease, any defaults will be cured on the Effective Date of the Plan.

**7.3**     Remaining All executory contracts and leases not otherwise assumed are deemed rejected as of the Effective Date.

### ARTICLE VIII.
### MEANS FOR IMPLEMENTATION OF THE PLAN

**8.1**     **Termination of Debtor-In-Possession**. On the Effective Date of the Plan, the Debtor's status as Debtor-In-Possession shall terminate, and the Debtor shall operate his business affairs and shall not be precluded from engaging in any lawful business activities.

**8.2**     **Re-vesting**. On the Effective Date, all property of the estate shall be vested in the Debtor, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming the Plan, except for liens upon property securing Claims classified as secured claims in the Plan.  The property of the Debtor and/or the property of the bankruptcy estate which will vest in the Debtor on the Effective Date includes but is not limited to their respective tax attributes, including but not limited to ordinary loss carry forwards and capital loss carry forwards as defined and allowed under federal and state tax law that the Debtor or the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

**8.3**     **Pattie Baker Lease.** The Debtor is currently entitled to receive payment for property taxes, utilities and certain expenses related to his real property.  Upon the Effective

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

Date, the Debtor and Pattie Baker shall enter into a new lease, by which the Debtor will receive cash payments of $55,000 per year.

**8.4    Business Operations**.  The Debtor will restart business operations as a cattle farmer, and will continue additional business operations, as set forth below.

**8.4.1    Cattle Sales.**  The Debtor will obtain financing to restart his cattle farming business.  The Debtor will enter into a feeding, grazing and borrowing agreement with Producers Livestock Marketing Association ("PLMA") which will provide the Debtor with $1,000,000 of available credit to restart his cattle operations.  This will enable the Debtor to feed approximately 1200 head of cattle in August and September of 2018.  The PMLA grazing/feeding program loan will be secured by cattle purchased with the loan proceeds, and the loan is expected to bear interest at prime plus 2% per annum.  The Debtor will feed the cattle purchased for approximately 150 days, at which time the Debtor will sell the cattle, repay PMLA, and retain a profit necessary for continued business operations, plan payments, and living expenses.  The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit C**.

**8.4.2    Custom Feeding.**  In addition to purchasing, feeding and selling cattle, the Debtor will also resume custom feeding operations for other cattle owners.  The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit C**.

**8.4.3    Commission Work**.  In addition to Cattle Sales and Custom Feeding, the Debtor will continue providing services to other cattle operations, by purchasing cattle on commission.  The Debtor expects to generate revenues from this segment of his business as set forth on **Exhibit C**.

**8.7    Solar Farm**.  The Debtor will enter into a solar farm lease by which he will lease, on an annual basis, approximately 150 acres of land for approximately $750 to $800 per acre. The lessee shall also pay all property taxes for the land leased.

**8.8    Retention of Avoidance Claims**. Avoidance Claims, if any, are retained by the Debtor. Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment.

**8.9** **Retention of Third-Party Claims**. All third-party claims held by the Debtor, to the extent they exist, are preserved. The Debtor, with notice, may abandon third-party claims at any time.

**8.10** **DIP Account**. On the Effective Date, the money held in the Debtor's debtor-in-possession account shall revest in the Debtor free of liens to fund the Debtor's obligations under the Plan.

**8.11** **Prepayment**. The Debtor may prepay any amounts due to any Creditor or Class of Creditors prior to the due dates set in the Plan without penalty, prior notice or Court approval.

**8.12** **No Attorney Fees**. No attorney's fees shall be paid with respect to any Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

**8.13** **No Interest**. Except as expressly stated in the Plan or otherwise allowed by the Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtor shall be entitled to offset distributions to any Creditor who has received payment for post-petition interest, penalties or late charges not approved by the Court.

## ARTICLE IX.
## GENERAL PROVISIONS

**9.1** **Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**9.2** **Effective Date of the Plan.** The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the

**Motschenbacher & Blattner, LLP**
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**9.3    Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**9.4    Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**9.5    Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**9.6    Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE X.**
**DISCHARGE**

**10.1    Discharge.** Debtor will receive a discharge of his debts upon completion of all payments to be made under the Plan pursuant to 11 U.S.C. §1141(d)(5), subject to any applicable exceptions to discharge, if any are sustained by the Court, under 11 U.S.C. §1141(d)(6).

After confirmation, but before completion of all payments under the Plan, Debtor shall have the right to request, on notice to the appropriate parties, that Debtor's case be closed subject to reopening without payment of a re-opening fee or filing fee, for the limited purpose of entry of discharge.

Debtor shall be entitled to entry of discharge under 11 U.S.C. §1141 upon completion of the payments to all classes of Creditors in this Plan without regard to the date of completion of such payments. Specifically, Debtor will be entitled to entry of discharge prior to the expiration

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

of seven years from the Effective Date should Debtor complete the payments provided for in this Plan in less than seven years.

## ARTICLE X
## OTHER PROVISIONS

**10.1**    All administrative expenses shall be paid on the effective date of the Plan, or as otherwise agreed by the parties.

**10.2**    The Debtor shall act as his own disbursing agent for payments under the Plan.

**10.3**    Creditors may not take any actions (including, without limitation, lawsuits or other legal actions, levies, attachments, or garnishments) to enforce or collect either pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. Provided that the Debtor does not materially default under the Plan, creditors shall be prohibited from taking any enforcement or collection actions of any kind against the Debtor or any third party-obligor.

**10.4**    Unless otherwise specified, the following default provisions apply to all creditors: If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than ten (10) days after the time specified in the Plan, the affected creditor may serve upon the Debtor a written notice of default. The Debtor is in material default under the Plan if the Debtor fails, within ten days (10) days of the service of such notice of default (plus 3 days for mailing) to either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

**10.5**    The Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to 11 U.S.C. §1129(b).

**10.6**    The Bankruptcy Court shall retain jurisdiction of this case until all Plan payments have been made.

**10.7**    Any notices, requests, and demands required or permitted to be provided under the Plan, in order to be effective, shall be in writing (including, without express or implied

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**

limitation, by facsimile transmission), and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made within actually delivered or, in the case of notice by fax transmission, when received and confirmed, addressed as follows:

> Mark E. Delong
> c/o Nicholas J. Henderson
> Motschenbacher & Blattner, LLP
> 117 SW Taylor Street, Suite 300
> Portland, OR 97204

**10.8** The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**10.9** The Debtor shall execute, deliver, file or record such contracts, instruments, assignments and other agreements or documents, and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**10.10** The date by which the Debtors or any interested party must file objections to Claims, shall be the first Business Day after 120 days after the Effective Date. Objections to claims not filed by the Claims Objection Bar Date shall be deemed waived.

Dated August 24, 2018

Respectfully Submitted,

/s/ Mark E. Delong
Mark E. Delong

Motschenbacher & Blattner LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

**Motschenbacher & Blattner, LLP**
**117 SW Taylor St., Suite 300**
**Portland, OR 97204**
**Phone: (503) 417-0500**
**Fax: (503) 417-0501**